IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COSCO Logistics (Americas), Inc.<br>Plaintiff,<br><br>vs.<br><br>TCB Transportation, Inc.<br>and Jerold L. Kausch, Jr., an individual<br><br>Defendants. | Case No. |

## COMPLAINT

Comes now the Plaintiff, COSCO Logistics (Americas), Inc., formerly known as Intermodal Bridge Services, Inc. ("COSCO Logistics") and for its causes of action states as follows:

### General Allegations

### The Parties/Jurisdiction/Venue

1.  Plaintiff COSCO Logistics is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Secaucus, New Jersey. For the purpose of diversity jurisdiction, COSCO Logistics is a citizen of the States of Delaware and New Jersey.

2.  Defendant TCB Transportation, Inc. ("TCB") is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in St. Louis County, Missouri. For the purpose of diversity jurisdiction, TCB is a citizen of the State of Missouri.

3. Defendant, Jerold L. Kausch, Jr. ("Kausch") is an individual residing in the St. Louis County, Missouri. Kausch is the principal owner and manager of TCB, as hereinafter more fully appears. For the purpose of diversity jurisdiction, Kausch is a citizen of the State of Missouri.

4. This Court has jurisdiction over this dispute and the parties pursuant to 28 U.S.C. § 1332, in that Plaintiff COSCO Logistics, on the one hand, and Defendant TCB and Defendant Kausch (collectively "Defendants"), on the other are citizens of different states, and in that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), in that Defendants TCB and Kausch respectively have offices in or reside in this judicial district, and are subject to the exercise of personal jurisdiction by this Court.

### Count I

6. At all times herein relevant, Plaintiff COSCO Logistics (formerly known as Intermodal Bridge Services, Inc.) has been engaged in the business of providing domestic and international intermodal transportation services (i.e., shipment of goods in containers via truck, rail and sea) to shippers of goods throughout the United States.

7. At all times herein relevant Defendants TCB and Kausch were engaged in business as brokers for shippers seeking intermodal transportation of goods. Defendants undertook to provide intermodal transportation services for their shipping customers via Plaintiff COSCO Logistics. Plaintiff provided transportation services as requested by Kausch and TCB, performed all of the services which Plaintiff agreed to provide and was obligated to provide, and invoiced TCB for said services on open account.

8. Between July, 2005 and April, 2007 at the instance and request of Defendants TCB and Kausch, Plaintiff COSCO Logistics provided transportation services on open account, for which services TCB and Kausch became indebted to Plaintiff in the sum of $1,287,015.60 as reflected by Plaintiff's statement of account dated June 18, 2007. Said statement of account is attached hereto and incorporated herein by reference as Exhibit 1.

9. Notwithstanding demand for payment of the amount due and owing on open account as aforesaid, Defendants Kausch and TCB have failed and refused to pay the same or any part thereof.

10. By reason of the facts as aforesaid, Defendants Kausch and TCB are indebted to Plaintiff COSCO Logistics in the principal amount of $1,287,015.60, together with prejudgment interest in accordance with Missouri law.

## Count II

11. The allegations of paragraphs 1 through 10 are re-alleged and incorporated herein by reference.

12. At all times herein relevant Defendant Kausch was the principal or the sole owner of the stock of Defendant TCB, and was its President, chief executive and principal or sole operational officer, agent and servant. In those capacities, Kausch exercised sole and exclusive control over the business activities of TCB on a day to day basis.

13. Defendant Kausch exerted not only stock control, but complete domination of the finances, policy and business practice with respect to the transactions between Defendant TCB and Plaintiff COSCO Logistics, such that the corporate entity

had no separate mind, will or existence of its own, and was the mere instrument of Defendant Kausch in the business of locating and providing intermodal transportation services via Plaintiff COSCO Logistics; by reason whereof, Defendant TCB was effectively and as a matter of law the alter ego of Defendant Kausch in the transaction of business with Plaintiff as aforesaid.

14. Upon information and belief, Defendant Kausch used his dominion and control over Defendant TCB to commit fraud and wrong, to perpetrate the violation of its legal duty to pay debts incurred by TCB, and to commit dishonest and unjust acts in contravention of Plaintiff COSCO Logistics' legal rights; including, but not limited to, operating TCB without adequate assets, capital and resources to pay debts incurred by it and justly due and owing to creditors such as Plaintiff, so as to avoid paying creditors such as Plaintiff.

15. As the direct and proximate result of Defendant Kausch's exercise of dominion and control over Defendant TCB to commit the acts as aforesaid, Plaintiff COSCO Logistics has been injured and caused to sustain an unjust and unwarranted loss; in that, upon information and belief, TCB lacks the assets and resources necessary to pay the amounts due and owing to Plaintiff, which assets and resources, upon information and belief, have been channeled and transferred to Kausch and/or other entities controlled by Kausch and/or other persons privy to Kausch, with the purpose, intent and effect of allowing Kausch to choose, select and favor certain creditors to the detriment and harm of creditors such as Plaintiff.

16. By reason of the facts as aforesaid, Plaintiff COSCO Logistics is entitled to judgment against and to recovery from Defendant Kausch for all amounts due and

owing to Plaintiff for transportation services provided to customers of Defendants TCB and Kausch, whether incurred in form for the account of TCB or otherwise.

WHEREFORE, Plaintiff COSCO Logistics prays for judgment against Defendants TCB and Kausch, jointly and severally, in the amount of $1,287,015.60, or such other amount as the Court may find to be justly due and owing to Plaintiff by reason of the matters set forth herein; for pre-judgment and post-judgment interest at the statutory rate on all amounts found to be due and owing to Plaintiff; for award of Plaintiff's taxable costs and expenses incurred in connection with this matter; and for such other and further relief as the Court may find just and proper in the circumstances.

Respectfully submitted,

HUSCH & EPPENBERGER, L.L.C.

By:  /s/ Harry B. Wilson
Harry B. Wilson, E.D. No. 4725
Alan B. Hoffman, E.D. No. 3413
Martha Charepoo, E.D. No. 500389
    190 Carondelet Plaza, Suite 600
    St. Louis, MO 63 105
    Telephone: (3 14) 480-1 500
    Facsimile: (3 14) 480-1505
    harry.wilson@husch.com
    alan.hoffman@husch.com
    martha.charepoo@husch.com

DUANE MORRIS LLP

Keith Zakarin, pending pro hac admission
    101 West Broadway, Suite 900
    San Diego, CA 92101-8285
    Telephone:   619.744.2278
    Facsimile:    619.744.2201
    kzakarin@duanemorris.com

*Attorneys for Plaintiff COSCO Logistics (Americas), Inc.*