IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| COSCO Logistics (Americas), Inc., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TCB Transportation, Inc. and | ) | |
| Jerold L. Kausch, Jr., | ) | |
| | ) | Case No. 4:07CV1461CEJ |
| Defendants | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COSCO Logistics (Americas), Inc. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| China Ocean Shipping Company | ) | |
| Serve:  Per 28 U.S.C. §1608 and | ) | |
| the Hague Convention | ) | |
| | ) | |
| Counterclaim | ) | |
| Defendants. | ) | |

## ANSWER AND COUNTERCLAIMS

Come Now defendants TCB Transportation, Inc. ("TCB, Inc.") and Jerold L. Kausch ("Kausch"), and for their Answer to the Complaint of COSCO Logistics (Americas), Inc., state as follows:

1.   Defendants admit that Plaintiff is a corporation organized under Delaware law with its principal place of business in Secaucus, New Jersey.  The remaining allegations of paragraph 1 constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations of paragraph 1.

1

2.      Defendants admit that TCB, Inc. is a corporation organized and existing under Missouri law, but deny that TCB, Inc. conducted business, or was a party to any transaction, with Plaintiff during the time period alleged in the Complaint. The remaining allegations of paragraph 2 constitute a legal conclusion to which no response is required. To the extent a response is require, Defendants deny the remaining allegations of paragraph 2.

3.      Defendants admit that Kausch is an individual residing in St. Louis County, Missouri, but deny the remaining allegations of paragraph 3.

4.      Defendants admit that the amount asserted as being in controversy exceeds $75,000.00, but deny that Plaintiff is entitled to recover that or any amount. The remaining allegations of paragraph 3 constitute a legal conclusion to which no response is required. To the extent a response is require, Defendants deny the remaining allegations of paragraph 3. Defendants further deny that TCB, Inc. is a proper party to this action.

5.      Defendants deny that TCB, Inc. conducted business, or was a party to any transaction, with Plaintiff during the time period alleged in the Complaint. Defendants admit that Kausch resides in St. Louis County. The remaining allegations of paragraph 5 constitute a legal conclusion to which no response is required. To the extent a response is require, Defendants deny the remaining allegations of paragraph 5.

## COUNT I

6.      Defendants admit that CLA was formerly known as Intermodal Bridge Services, Inc. Defendants further admit that CLA did and does provide transportation services by rail to shippers of goods throughout the United States. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 6 and therefore deny the same.

2

7.      Defendants deny that TCB, Inc. engaged in business, or was a party to any transaction with, Plaintiff during the time period alleged in the Complaint.  Defendants further deny that "TCB [Inc.] and Kausch" were engaged in the business alleged during the time period alleged in the Complaint, and deny that Kausch individually engaged in such business. Defendants state that during the time period alleged in the Complaint, Plaintiff provided certain transportation services for shipping customers of a limited liability company of which Kausch is a member, and delivered certain invoices, but deny the remaining allegations of paragraph 7.

8.      Defendants deny that Plaintiff provided transportation services "at the instance and request of Defendants TCB [Inc.] and Kausch," during the time period alleged in the Complaint and deny that "TCB [Inc.] and Kausch became indebted to Plaintiff" in the amount of $1,287,015.60 or any amount.  Defendants admit that a document purporting to state an account is attached to the Complaint as Exhibit 1, but deny the content, accuracy, truthfulness, and nature of such document as an account, open account or statement of account.

9.      Defendants deny the allegations of paragraph 9.

10.     Defendants deny the allegations of paragraph 10.

## COUNT II

11.     Defendants incorporate their responses to the allegations of paragraphs 1-10 herein by reference.

12.     Defendants deny the allegations of paragraph 12.

13.     Defendants deny the allegations of paragraph 13.

14.     Defendants deny the allegations of paragraph 14.

15.     Defendants deny the allegations of paragraph 15.

16.     Defendants deny the allegations of paragraph 16.

3

## OTHER AND FURTHER ANSWERS AND DEFENSES

17.    Defendants deny each and every allegation and inference not expressly admitted hereinabove.

18.    Plaintiff has failed to state a claim upon which relief can be granted.

19.    There is no offer, acceptance, consideration, contract or account as between Plaintiff and TCB, Inc. or as between Plaintiff and Kausch for the transactions asserted by Plaintiff.

20.    Plaintiff's claim is barred in whole or in part by failure of consideration.

21.    Plaintiffs' claim is barred in whole or in part by lack of consideration.

22.    Plaintiff's claim is barred in whole or in part by payment.

23.    Plaintiff's claim is barred in whole or in part by the doctrines of waiver and/or estoppel.

24.    Plaintiff's claim is barred in whole or in part by the doctrine of laches.

25.    Plaintiff's claim is barred in whole or in part by Plaintiff's prior material breach.

26.    Plaintiff's claim is barred in whole or in part by actual or constructive fraud in the inducement.

27.    Plaintiff's claim and any relief is barred in whole or in part by set off or recoupment.

28.    Plaintiff lacks standing and/or cannot enforce its claim, in whole or in part, by reason of its failure to obtain a certificate of authority to do business in Missouri pursuant to Mo. Rev. Stat. §351.574.1.

29.    Plaintiff has failed to name a necessary party under Fed. R. Civ. P. 19.

WHEREFORE, Plaintiff is not entitled to the relief requested or any relief against TBC, Inc. or Kausch, who request this Court's order that Plaintiff's action be dismissed, that judgment be entered for Defendants and against Plaintiff, which should take nothing thereby, and for such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Comes Now TCB Transportation Inc. and for its counterclaims against Plaintiff and China Ocean Shipping Company, states as follows.

## PARTIES

1.    TCB Transportation, Inc. ("TCB, Inc.") is a Missouri corporation with its principal place of business in St. Louis County, Missouri.

2.    COSCO Logistics (Americas), Inc. ("CLA") is a Delaware corporation with its principal place of business in Secaucus, New Jersey. Until January 1, 2007, CLA was known as Intermodal Bridge Services, Inc.

3.    China Ocean Shipping Company ("COSCO") is a state-owned corporation located in China, which is a signatory to the Hague Convention. COSCO does substantial and continuous business in the United States itself and/or through one or more subsidiaries in the United States. One such subsidiary is China Ocean Shipping Company (Americas), Inc. ("COSCO Americas"), a California corporation having its principal place of business in Secaucus, New Jersey, which employs more than 600 people and operates from approximately 80 offices throughout the United States. COSCO Americas is the agent and management center for COSCO, and represents COSCO's interests in the United States.

4.    COSCO Americas is a parent corporation or joint venture owner/partner of CLA.

5.     The claims against COSCO are based upon commercial activity carried on by
COSCO within the United States and the Eastern District of Missouri, acts performed in the
United States and the Eastern District of Missouri in connection with commercial activity in
China, or acts in connection with a commercial activity of China that caused a direct effect in the
United States and the Eastern District of Missouri, and in particular acts and commercial
activities pertaining to the shipping services with TCB, Inc.

6.     The claims against COSCO arise out of the same series of transactions and
occurrences set forth in CLA's Complaint, and this action gives rise to questions of law and fact
that are common to all of the parties. Moreover, as a result of the relationships between the
parties and the facts and circumstances giving rise to this action, the joinder of COSCO as a part
to this litigation is necessary for just adjudication.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C.
§1330, 28 U.S.C. §§1602-1611, and 28 U.S.C. §1332.

8.     Both CLA and COSCO have engaged in substantial and continuous business in
Missouri, have transacted business in Missouri, have entered into contracts with TCB, Inc. in
Missouri, and have committed tortious acts in or having consequences in Missouri. CLA and
COSCO have sufficient general and specific contacts to satisfy Mo. Rev. Stat. §506.500 and
federal due process principles for personal jurisdiction.

9.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

## GENERAL ALLEGATIONS

10.     From at least 1999 through mid-2003, TCB, Inc. has been in the business of
arranging transportation of goods for customers seeking to have goods shipped to various points

6

within service areas including Los Angeles, Oakland, Portland, Seattle, New York and Baltimore. After its formation in mid-2003, this business was conducted by TCB Transportation LLC ("TCB LLC").

11.    The shipment of these goods entails the use of large containers owned by shipping/steam ship companies, which ship goods to various sea ports in the United States where the containers are unloaded, transported by truck to railway lines and then transported by rail to various points, delivered by truck to import customers, emptied, and stored at depots or other facilities. Once empty, the containers may be used to transport a domestic shipping customer's goods back along the travel route to one of the coastal ports. The empty container is transported from the depot to a customer location by truck, where it is loaded with the customer's goods, transported by truck back to the railway line, transported by rail until it is reaches a specified area, picked up by a truck at the destination costal city, taken to the customer's destination and unloaded. The empty container then is returned to thc shipping port empty and ready for export. This arrangement benefits the shipping company by, *inter alia,* arranging for and reducing the cost of transporting the empty container back to the shipping port.

12.    COSCO was and is engaged in, among other things, marine transportation of goods and containers to countries including the United States. Its ports include Los Angeles, Portland, Oakland, Seattle, and New York, among others.

13.    CLA did and does provide intermodal transportation services by means including railway, to shippers of goods throughout the United States.

14.    From 1999 through mid-2003, TCB, Inc. (and TCB LLC after mid-2003), secured containers owned by various shipping companies for the use of its customers, and arranges for

7

transport by truck and rail on the return portion of the container's route as described in paragraph 11 above.

15.    One or more customer of TCB, Inc. (and TCB LLC after mid-2003), desired shipment of goods requiring containers bound for locations in certain directions, which included containers owned by COSCO.

16.    TCB, Inc. (and TCB LLC after mid-2003), entered into an arrangement with CLA (then known as Intermodal Bridge Services Inc.) under which CLA agreed to secure (or make available) COSCO containers for the use of TCB, Inc., (and TCB LLC after mid-2003) customers.  As part of this process, CLA provided confirmation/release numbers allowing TCB, Inc. (and then TCB LLC) to take COSCO containers from the depot area where they were stored. In connection with use of the containers, TCB, Inc. (and TCB LLC) arranged for the transportation and delivery of the COSCO containers by rail and by truck back to their shipping port of origin or another agreed upon coastal port, providing benefit to COSCO.

17.    In exchange for securing the use of COSCO containers, CLA required TCB, Inc. (and TCB LLC after mid-2003), to use CLA to provide rail transportation services.

18.    The transportation rate, or line haul charge, quoted by CLA was higher than the prevailing charge that TCB, Inc. (and TCB LLC after mid-2003), could and would have obtained from another company offering similar services.

19.    As part of the arrangement, however, CLA agreed that COSCO would pay to TCB, Inc. (and TCB LLC after mid-2003), a fair and timely repositioning fee (or allowance) for transporting the COSCO containers back to COSCO's shipping port.  This repositioning service, and the fee therefor, was an integral part of each shipping transaction.

20.    The arrangement was at all times based on the expectation and agreement that CLA's line haul charge would be offset, or reduced, by the repositioning fee, representing a net cost to TCB, Inc. (and to TCB LLC after mid-2003), on each shipping transaction.  CLA and COSCO knew and understood that timely payment from COSCO was critical to TCB, Inc.(and TCB LLC) and was an essential part of the agreement.

21.    On various occasions, TCB, Inc., (and TCB LLC) told CLA that its line haul charge was too high, and CLA responded (not by reducing the line haul charge but) by increasing the repositioning fee paid by COSCO.

22.    At all relevant times, the line haul charge and the repositioning fee were viewed by all parties as part of a single shipping transaction.

23.    At all relevant times, TCB, Inc. (and TCB LLC after mid-2003), was directed by CLA to, and did, deliver its invoice to COSCO at the address of a specified CLA office.  Until mid-2003 as to TCB, Inc., and approximately May, 2006 as to TCB LLC, checks from COSCO were delivered via CLA.

24.    At all relevant times, CLA had actual, apparent, and/or implied authority to act as COSCO's agent and on its behalf in regard to these transactions and agreements.

25.    In addition, COSCO has recognized the authority of CLA by making certain payments to TCB, Inc. (and to TCB LLC) as agreed to by CLA for the repositioning services.

26.    At all relevant times, CLA and COSCO knew and understood that the price TCB Inc. (and TCB LLC after mid-2003), charged its customers was based in material part on the full and timely payment of the repositioning fee.

27.    TCB, Inc. (and TCB LLC) would not have agreed, or continued to agree, to use CLA's railway transportation services, and would not have agreed, or continued to agree, to the

line haul charges quoted by CLA but for the corresponding agreement that COSCO would pay a fair and timely repositioning fee to TCB, Inc. (and to TCB LLC) on each shipping transaction involving COSCO containers.

28.    CLA also agreed that it would pay a repositioning fee for containers transported by CLA that were not owned by COSCO.

29.    Since at least 1999 (through mid-2003), the parties engaged in this course of dealing.

30.    The repositioning service performed by TCB, Inc. (and by TCB LLC after mid-2003), required the use of a truck to haul the COSCO containers from the shipping customer's starting location to the rail line, from the rail line to the destination rail hub, by truck again to the shipper's destination, and from that destination to the shipping port, all of which is part and parcel of the repositioning service of returning the container back to a shipping port.

31.    COSCO containers were not equipped with means of movement.  COSCO and CLA knew and understood that this required the use of wheeled chassis that were fitted onto the container by the trucker for an additional charge of approximately $55.00.

32.    COSCO and CLA also knew and understood that the trucker charged this cost to TCB, Inc. (and TCB LLC) unless paid by COSCO or CLA directly to the trucker.

33.    In late 2005-early 2006, COSCO paid the chassis component of the repositioning fee to TCB LLC, but only for one (Los Angeles) of the shipping ports to which TCB LLC provided, and paid the trucker for, this service.  COSCO did not pay the chassis component of the repositioning service to TCB, Inc. (or to TCB LLC) for this or any other shipping port prior to late 2005.

34.    COSCO and CLA benefited by the use of COSCO containers, by the use of CLA's railway services, and by the repositioning services, including use of the chassis.

35.    In or about May, 2006, the line haul charges by CLA (to TCB LLC) became "blended rates," i.e., one rate consolidating the line haul fee and the repositioning charge. This rate included the chassis charge as to moves involving COSCO containers.

36.    From 1999 through mid-2003, at the request of CLA and COSCO, TCB, Inc. provided repositioning services involving COSCO containers, including the use of wheeled chassis that CLA and COSCO at all times knew and understood were a necessary part of the service. TCB, Inc. last provided these services to CLA and COSCO in or about June, 2003.

37.    During 1999-2000, at the request of CLA and COSCO, TCB, Inc. provided repositioning services requiring the use of wheeled chassis for which COSCO was billed in the aggregate amount of $69,925.00.

38.    In 2001, at the request of CLA and COSCO, TCB, Inc. provided repositioning services requiring the use of wheeled chassis for which COSCO was billed in the aggregate amount of $181,280.00.

39.    In 2003, at the request of CLA and COSCO, TCB, Inc. provided repositioning services requiring the use of wheeled chassis for which COSCO was billed in the aggregate amount of $87,887.50.

40.    All of these amounts were reasonable.

41.    Despite demand, neither COSCO nor CLA have paid these amounts.

## COUNT I-ACTION ON ACCOUNT
## (Against COSCO)

42.    TCB, Inc. realleges and incorporates the allegations in paragraphs 1 through 41 as though fully set forth herein.

11

43.     From 1999 through mid-2003, COSCO requested through its agent CLA that
TCB, Inc. provide repositioning services involving containers owned by COSCO

44.     From mid-2003 through 2006, COSCO requested through its agent CLA that TCB
LLC provide repositioning services involving containers owned by COSCO.

45.     The repositioning services requested by COSCO and performed by TCB, Inc.
(and by TCB LLC after mid-2003), included fitting the COSCO containers with wheeled chassis,
which was a necessary part of the services requested.

46.     TCB, Inc. (and TCB LLC) performed the repositioning services as requested.

47.     The charges by TCB, Inc. (and by TCB LLC) for these services were made on
open account with CLA and COSCO, and were reasonable.

48.     COSCO, however, has failed and refused to pay for these services in the
aggregate amount of $464,777.50.

49.     COSCO also has failed and refused to pay TCB LLC for similar services
requested by CLA and COSCO, performed by TCB LLC and accepted by CLA and COSCO,
from mid-2003 through 2006, in the aggregate amount of at least $57,785 for repositioning
services, and at least $232,097.50 for the chassis component of repositioning services, totaling at
least $289,882.50. CLA has failed and refused to pay TCB LLC for similar services requested
by CLA and provided by TCB LLC in 2006 involving containers not owned by COSCO in an
aggregate amount of $18,390.00. TCB LLC's claims against COSCO and CLA arc asserted by
separate action, which TCB, Inc. and TCB LLC have or will move to be consolidated with this
action.

WHEREFORE, TCB Inc. requests that this Court enter judgment in its favor and against
COSCO in the amount of at least $464,777.50 or such other amount as may be proven at trial,

12

together with pre-judgment and post-judgment interest thereon at the maximum rate allowed by law, and all other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF IMPLIED CONTRACT
### (Against COSCO)

In addition or in the alternative to Count I, TCB, Inc. states this second cause against COSCO as follows:

50.     TCB, Inc. realleges and incorporates the allegations in paragraphs 1 through 49 as though fully set forth herein.

51.     The parties engaged in a course of dealing by which each shipping transaction involving COSCO containers entailed a line haul charge from CLA to TCB, Inc. (and TCB LLC after mid-2003), and a prepositioning fee from COSCO to TCB, Inc. (and TCB LLC after mid-2003), resulting in a net cost to TCB, Inc. (and TCB LLC) on that shipping transaction.

52.     The repositioning service requested by CLA and COSCO and provided by TCB, Inc. (and by TCB LLC after mid-2003) included a chassis component, which CLA and COSCO at all times knew and understood was a necessary part of the service requested by CLA and COSCO, performed by TCB, Inc. (and TCB LLC after mid-2003), and accepted by CLA and COSCO.

53.     The repositioning service and fee, including the chassis component (and its net effect) also is an industry custom and practice.

54.     Based on the parties' course of dealing, as well as on industry custom and practice, there was an implied contract that COSCO would pay TCB, Inc. (and TCB LLC) for the repositioning service, including the chassis component, provided by TCB, Inc. (and by TCB LLC) and accepted by COSCO, regarding the containers owned by COSCO.

55.     Despite demand, COSCO has failed and refused to pay TCB, Inc. for the services requested by CLA and COSCO, performed by TCB, Inc., and accepted by CLA and COSCO from 1999 through mid-2003 in the total amount of at least $464,777.50.

56.     This failure and refusal is in breach of the parties' contract, resulting in injury to TCB, Inc. in the total amount of at least $464,777.70.

57.     Despite demand, COSCO also has failed and refused to pay TCB LLC for similar services requested by CLA and COSCO, performed by TCB LLC and accepted by CLA and COSCO, from mid-2003 through 2006, in the aggregate amount of at least $57,785 for repositioning services, and at least $232,097.50 for the chassis component of repositioning services, totaling at least $289,882.50. CLA has failed and refused to pay TCB LLC for similar services requested by CLA and provided by TCB LLC in 2006 involving containers not owned by COSCO in an aggregate amount of $18,390.00. TCB LLC's claims against COSCO and CLA are asserted by separate action, which TCB, Inc. and TCB LLC have or will move to be consolidated with this action.

WHEREFORE, TCB Inc. requests that this Court enter judgment in its favor and against COSCO in the amount of $464,777.50 or such other amount as may be proven at trial, together with pre-judgment and post-judgment interest thereon at the maximum rate allowed by law, and all other and further relief as the Court deems just and proper.

## COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT
### (Against COSCO)

In addition or in the alternative to Counts I-II, TCB, Inc.states this third cause against COSCO as follows:

58.     TCB, Inc. realleges and incorporates the allegations in paragraphs 1 through 57 as though fully set forth herein.

14

59.    At all relevant times, the arrangement between TCB, Inc. (and TCB LLC after mid-2003), CLA and COSCO was that TCB, Inc. (and TCB LLC after mid-2003) would use CLA's railway services for transport of COSCO containers, that TCB, Inc. (and TCB LLC after mid-2003) would provide repositioning services to return COSCO containers to a shipping port, and that COSCO would pay to TCB, Inc. (and TCB LLC) a fair and timely fee for this service.

60.    At all relevant times, CLA and COSCO knew and understood that TCB, Inc. (and TCB LLC) would not have agreed, or continue to agree, to use CLA's services to transport containers or pay the line haul charge quoted by CLA without the corresponding payment by COSCO of a fair and timely repositioning fee.

61.    At all relevant times, the line haul charge and the repositioning fee were viewed by all parties as part of a single shipping transaction.

62.    The arrangement, and the repositioning services provided by TCB, Inc. (and by TCB LLC) benefited COSCO by arranging for the return of its empty containers back to a shipping port.  COSCO also benefited by the use of CLA, the subsidiary or joint venture of its wholly owned subsidiary COSCO Americas (through which COSCO operates in the United States), to provide the rail transportation of its containers, and by the line haul fee paid to CLA.

63.    From 1999 through mid-2003, CLA and COSCO requested that TCB, Inc. provide repositioning services regarding COSCO containers, including the provision of wheeled chassis, which was a necessary and expected part of the repositioning service.  TCB, Inc. provided these services as requested, which CLA and COSCO accepted.

64.    The services conferred a benefit on COSCO, which was recognized and appreciated by CLA and COSCO.

65.     Despite demand, COSCO has failed and refused to pay TCB, Inc. for the services requested by CLA and COSCO, performed by TCB, Inc., and accepted by CLA and COSCO from 1999 through mid-2003 in the total amount of at least $464,777.50.

66.     The acceptance of these services by COSCO without payment unjustly enriched COSCO at the expense of TCC, Inc. in an amount equal to at least $464,777.50 and is unjust and inequitable.

67.     From mid-2003  through 2006, CLA and COSCO requested that TCB LLC provide similar repositioning services which TCB LLC provided as requested and which were accepted by CLA and COSCO.  The services conferred a benefit on COSCO, which was recognized and appreciated by CLA and COSCO.

68.     Despite demand, COSCO also has failed and refused to pay TCB LLC for the services requested by CLA and COSCO, performed by TCB LLC and accepted by CLA and COSCO, from mid-2003 through 2006, in the aggregate amount of at least $57,785 for repositioning services, and at least $232,097.50 for the chassis component of repositioning services, totaling at least $289.882.50.  CLA has failed and refused to pay TCB LLC for similar services requested by CLA and provided by TCB LLC in 2006 involving containers not owned by COSCO in an aggregate amount of $18,390.00.  The acceptance of these services by COSCO and by CLA without payment unjustly enriched COSCO at the expense of TCB LLC and is unjust and inequitable.  TCB LLC's claims against COSCO and CLA are asserted by separate action, which TCB, Inc. and TCB LLC have or will move to be consolidated with this action.

WHEREFORE, TCB, Inc. requests that this Court enter judgment in its favor and against COSCO in the amount of $464,777.50 or such other amount as may be proven at trial, together

with pre-judgment and post-judgment interest thereon at the maximum rate allowed by law, and all other and further relief as the Court deems just and proper.

## COUNT IV – QUANTUM MERUIT/UNJUST ENRICHMENT
## (Against COSCO Logistics Americas, Inc.)

In addition or in the alternative to Counts I-III, TCB, Inc. states this fourth cause against CLA as follows:

69. TCB, Inc. realleges and incorporates the allegations in paragraphs 1 through 68 as though fully set forth herein.

70. The arrangement between TCB, Inc. (and TCB LLC after mid-2003), and CLA and COSCO benefited CLA by securing the use by TCB, Inc.(and by TCB LLC after mid-2003) of its rail transportation services, and at minimum, that portion of the line haul charge that was "marked up" by CLA to account for the repositioning fee from COSCO.

71. The repositioning services provided to COSCO, which were part of the same transactions in which CLA was paid a line haul charge by TCB, Inc. (and by TCB LLC after mid-2003) also conferred a benefit on CLA, all of which benefits were recognized and appreciated by CLA.

72. The acceptance of these services without payment unjustly enriched CLA at the expense of TCB, Inc. (and TCB LLC) in an amount equal to CLA's profit on the line haul services used by TCB, Inc. (and by TCB LLC after mid-2003) for the movement of COSCO containers, or at minimum, the amount of excess profit or unpaid repositioning fee, and is unjust and inequitable.

WHEREFORE, TCB, Inc. requests that this Court enter judgment in its favor and against CLA in the amount of at least $464,777.50 or such other amount as may be proven at trial,

together with pre-judgment and post-judgment interest thereon at the maximum rate allowed by law, and all other and further relief as the Court deems just and proper.

## COUNT V-BREACH OF CONTRACT
### (Against COSCO Logistics Americas, Inc. and COSCO)

In addition or in the alternative to Counts I-IV, TCB, Inc. states this fifth cause against COSCO and CLA as follows:

73.     TCB, Inc. realleges and incorporates the allegations in paragraphs 1 through 72 as though fully set forth herein.

74.     At all relevant times, CLA and COSCO knew and understood that TCB, Inc. (and TCB LLC after mid-2003) agreed to use CLA's railway services, and agreed to pay the line haul charges quoted by CLA, only because of the corresponding agreement that a fair and timely repositioning fee would be paid for the repositioning services rendered by TCB, Inc. (and TCB LLC after mid-2003) as part of the shipping transaction.

75.     At all relevant times, CLA and COSCO knew and understood that the repositioning fee to TCB, Inc. (and TCB LLC after mid-2003) resulted in a net cost on the transaction to TCB, Inc. (and TCB LLC).

76.     At all relevant times, CLA and COSCO knew and understood that time was of the essence respecting payment of the repositioning fee to TCB, Inc. (and to TCB LLC).  If the repositioning fee was not timely paid, TCB, Inc. (and TCB LLC) overpaid for the line haul services in contravention of the parties agreements and expectations.

77.     At various junctures during the parties' relationship, CLA and/or COSCO demanded payment of line haul charge amounts that were erroneous, duplicative, for services not rendered or already paid, unsubstantiated and otherwise incorrect.

78.     In addition, and contrary to the parties' agreements, CLA and/or COSCO withheld payment for the repositioning services, delayed payment, or failed to pay altogether.

79.     These acts and omissions were in breach of the parties' agreements and resulted in injury to TCB, Inc. (and TCB LLC).

WHEREFORE, TCB, Inc. requests that this Court enter judgment in its favor and against CLA and COSCO in the amount of at least $464,777.50 or such other amount as may be proven at trial, together with pre-judgment and post-judgment interest thereon at the maximum rate allowed by law, and all other and further relief as the Court deems just and proper.

## COUNT VI – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against COSCO Logistics Americas Inc. and COSCO)

In addition or in the alternative to Counts I-V, TBC, Inc. states this sixth cause against COSCO and CLA as follows:

80.     TCB, Inc. realleges and incorporates the allegations in paragraphs 1 through 79 as though fully set forth herein.

81.     A duty of good faith and fair dealing is implied in every contract under Missouri law.

82.     At all relevant times, CLA and COSCO knew and understood that TCB, Inc. (and TCB LLC after mid-2003) agreed to use CLA's railway services, and agreed to pay the line haul charges quoted by CLA, only because of the corresponding agreement that a fair and timely repositioning fee would be paid to TCB, Inc. (and TCB LLC after mid-2003) for the repositioning services it rendered as part of the transaction.

83.    At all relevant times, CLA and COSCO knew and understood that the repositioning fee to TCB, Inc. (and TCB LLC after mid-2003) resulted in a net cost on the transaction to TCB, Inc. (and TCB LLC).

84.    At all relevant times, CLA and COSCO knew and understood that TCB, Inc's (and TCB LLC's) pricing to its own customers relied in substantial part on the net cost resulting from the timely and full payment of the repositioning fee.

85.    At all relevant times, CLA and COSCO knew and understood that time was of the essence respecting payment of the repositioning fee to TCB, Inc. (and TCB LLC). If the repositioning fee was not timely paid, TCB, Inc. (and TCB LLC after mid-2003) overpaid for the line haul services in contravention of the parties agreements and expectations.

86.    At various junctures during the parties' relationship, CLA and/or COSCO demanded payment of line haul charge amounts that were erroneous, duplicative, for services not rendered or already paid, unsubstantiated and otherwise incorrect.

87.    In addition, and contrary to the parties' agreements, CLA and/or COSCO withheld payment for the repositioning services, delayed payment, or failed to pay altogether.

88.    In these and other respects, CLA and/or COSCO manipulated the arrangement with TCB, Inc. (and TCB LLC) to their own benefit and to the detriment of TCB, Inc. (and TCB LLC) in breach of their duties of good faith and fair dealing, resulting in injury to TCB, Inc. (and TCB LLC).

WHEREFORE, TCB, Inc. requests that this Court enter judgment in its favor and against CLA and COSCO in the amount of at least $464,777.50 or such other amount as may be proven at trial, together with pre-judgment and post-judgment interest thereon at the maximum rate allowed by law, and all other and further relief as the Court deems just and proper.

20

## COUNT VII – FRAUDULENT MISREPRESENTATION
### (Against COSCO Logistics Americas Inc.)

In addition or in the alternative to Counts I-VI, TCB, Inc. states this seventh cause against CLA as follows:

89.    TCB LLC realleges and incorporates the allegations in paragraphs 1 through 88 as though fully set forth herein.

90.    CLA represented to TCB, Inc. (through mid-2003) (and to TCB LLC thereafter) that as to each transaction involving COSCO containers, CLA could and would cause COSCO to timely pay a fair and timely repositioning fee, such that the net cost on the transaction to TCB, Inc. (and then TCB LLC) would be the line haul charge to CLA less the repositioning fee from COSCO.

91.    CLA made this representation with the intent that TCB, Inc. (and TCB LLC) rely on the representation and for the purpose of inducing TCB, Inc. (and TCB LLC) to use CLA's rail transportation services and to agree to and pay a higher line haul charge than it otherwise would have agreed to or paid.

92.    On various occasions through 2003 as to TCB, Inc. (and thereafter as to TCB LLC), CLA stated that it could and would cause COSCO to timely pay a higher repositioning fee.

93.    CLA made these representations with the intent that TCB, Inc. (and then TCB LLC) rely thereon and for the purpose of inducing TCB, Inc. (and TCB LLC) to remain in the relationship with CLA and to continue to agree and to pay the excessive line haul charge to CLA.

94.    At all relevant times, CLA was in a position of knowledge and influence superior to TCB, Inc. (and TCB LLC) respecting the transactions and agreements of COSCO.

95.    These representations were material to and were reasonably relied upon by TCB, Inc. (and TCB LLC) in deciding to do business with, and to continue to do business with CLA and to pay and to agree to pay the excessive line haul charges.

96.    Contrary to CLA's representations, COSCO or CLA withheld payments, delayed payments and/or did not pay at all for the repositioning services that TCB, Inc. (and TCB LLC after mid-2003) provided.

97.    To the extent that CLA could, but did not, cause timely and full payment by COSCO, CLA falsely represented it's present intent to perform.

98.    To the extent that CLA could not cause timely and full payment by COSCO, CLA falsely represented its present intent and ability to perform, or made these representations with reckless disregard for their truth or falsity.

99.    As a result of these misrepresentations, TCB, Inc. was injured.

WHEREFORE, TCB, Inc. requests that this Court enter judgment in its favor and against CLA and COSCO in the amount of at least $464,777.50 or such other amount as may be proven at trial, together with pre-judgment and post-judgment interest thereon at the maximum rate allowed by law, and all other and further relief as the Court deems just and proper.

## COUNT VIII – NEGLIGENT MISREPRESENTATION
### (Against COSCO Logistics Americas Inc.)

In addition or in the alternative to Counts I-VII, TCB, Inc. states this eighth cause against CLA as follows:

100.    TCB, Inc. realleges and incorporates the allegations in paragraphs 1 through 99 as though fully set forth herein.

101.    CLA represented to TCB, Inc. (and to TCB LLC after mid-2003) that as to each transaction involving COSCO containers, CLA could and would cause COSCO to timely pay a

fair and timely repositioning fee, such that the net cost on the transaction to TCB, Inc. (and to TCB LLC) would be the line haul charge to CLA less the repositioning fee from COSCO.

102.    CLA made this representation, or conveyed this information, for its own pecuniary interest in obtaining TCB, Inc.'s (and TCB LLC's) business for its rail transport services and obtaining a line haul fee therefore.

103.    CLA made this representation, or conveyed this information, for the guidance of TCB, Inc. (and TCB LLC after mid-2003) in respect to the shipping transactions, with the intent that TCB, Inc. (and TCB LLC) rely on the representation and for the purpose of inducing TCB, Inc. (and TCB LLC) to use CLA's rail transportation services and to agree to and pay a higher line haul charge than TCB, Inc. (and TCB LLC) otherwise would have agreed to or paid.

104.    On various occasions through 2003 as to TCB, Inc. (and thereafter as to TCB LLC), CLA stated that it could and would cause COSCO to timely pay a higher repositioning fee.

105.    CLA made these representations, or conveyed this information, for the guidance of TCB, Inc. (and TCB LLC) in respect to the shipping transactions, with the intent that TCB, Inc. (and TCB LLC) rely thereon and for the purpose of inducing TCB, Inc. (and TCB LLC) to remain in the relationship with CLA and to continue to agree and to pay the excessive line haul charge to CLA.

106.    At all relevant times, CLA was in a position of knowledge and influence superior to TCB, Inc. (and TCB LLC) respecting the transactions and agreements of COSCO.

107.    These representations were material to and were reasonably relied upon by TCB, Inc. (and TCB LLC) in deciding to do business with, and to continue to do business with CLA and to pay and to agree to pay the excessive line haul charges.

108.    Contrary to CLA's representations, COSCO or CLA withheld payments, delayed payments and/or did not pay at all for the repositioning services that TCB, Inc. (and TCB LLC) provided.

109.    To the extent that CLA could, but did not, cause timely and full payment by COSCO, CLA falsely represented it's present intent to perform or failed to use reasonable care or competence in obtaining or communicating this information to TCB, Inc. (and TCB LLC).

110.    To the extent that CLA could not cause timely and full payment by COSCO, CLA falsely represented its present intent and ability to perform, or failed to use reasonable care or competence in obtaining or communicating this information to TCB, Inc. (and TCB LLC).

111.    As a result of these misrepresentations, TCB, Inc. (and TCB LLC) was injured.

WHEREFORE, TCB, Inc. requests that this Court enter judgment in its favor and against CLA and COSCO in the amount of at least $464,777.50 or such other amount as may be proven at trial, together with pre-judgment and post-judgment interest thereon at the maximum rate allowed by law, and all other and further relief as the Court deems just and proper.

Respectfully Submitted,

STINSON MORRISON HECKER LLP

By: /s/ Gretchen Garrison
Gretchen Garrison, #3189
Andrew Scavotto, #521525
100 S. Fourth Street
St. Louis, Missouri 63102
314-259-4500
314-259-4485 (fax)
ggarrison@stinson.com
ascavotto@stinson.com

Attorneys for TCB Transportation, Inc., and Jerold
L. Kausch

24

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2007, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon, that a copy was mailed by U.S. mail, first class, postage pre-paid to:

Harry B. Wilson
Alan B. Hoffman
Martha Charepoo
HUSCH & EPPENBERGER LLC
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105

Keith Zakarin
DUANE MORRIS LLP
101 West Broadway, Suite 900
San Diego, CA 92101-8285

Attorneys for Plaintiff/Counterclaim defendant
COSCO Logistics Americas, Inc.

/s/ Gretchen Garrison