IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COSCO Logistics (Americas), Inc., | ) |
| | ) |
|     Plaintiff-Counterclaim Defendant, | ) ) |
| | ) |
| vs. | ) |
| | ) Case No. 04:07-CV-01461-CEJ |
| TCB Transportation, Inc. and Jerold L. Kausch, Jr., | ) ) |
| | ) |
|     Defendants-Counterclaim Plaintiff. | ) ) |
| | ) |
| | ) |

**PLAINTIFF'S REPLY TO DEFENDANT TCB TRANSPORTATION, INC.'S COUNTERCLAIM**

COMES NOW Plaintiff-Counterclaim Defendant COSCO Logistics (Americas), Inc. ("CLA"), and for its Reply to Defendant TCB Transportation, Inc.'s Counterclaim herein, states as follows:

1. Admitted.

2. Admitted.

3. Denied.

4. CLA admits that China Ocean Shipping Company Americas, Inc. is a parent corporation of CLA. CLA is without sufficient information to admit or deny the remaining allegations contained in Paragraph 4, and, therefore, denies same.

5. CLA is without sufficient information to admit or deny the allegations contained in Paragraph 5, and, therefore, denies same.

6. Denied.

7. Admitted.

8. Denied.

9. Admitted.

10. CLA is without sufficient information to admit or deny the allegations contained in Paragraph 10, and, therefore, denies same.

11. CLA is without sufficient information to admit or deny the allegations contained in Paragraph 11, and, therefore, denies same.

12. CLA is without sufficient information to admit or deny the allegations contained in Paragraph 12, and, therefore, denies same.

13. Admitted.

14. CLA is without sufficient information to admit or deny the allegations contained in Paragraph 14, and, therefore, denies same.

15. CLA is without sufficient information to admit or deny the allegations contained in Paragraph 15, and, therefore, denies same.

16. CLA admits that it provided transportation services as requested by defendants and performed all of the services which it agreed to provide. CLA denies all other allegations contained in Paragraph 16 not specifically admitted.

17. Denied.

18. CLA is without sufficient information to admit or deny the allegations contained in Paragraph 18, and, therefore, denies same.

19. Denied.

20. Denied.

21. Denied.

22. CLA is without sufficient information to admit or deny the allegations contained in Paragraph 22, and, therefore, denies same.

23. Denied.

24. Denied.

25. Denied.

26. Denied as to CLA. As to the allegations contained in Paragraph 41 that pertain to COSCO, CLA is without sufficient information to admit or deny them, and, therefore, denies same.

27. CLA is without sufficient information to admit or deny the allegations contained in Paragraph 27, and, therefore, denies same.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. CLA admits so much of Paragraph 35 as alleges that some of CLA's line haul charges included a chassis fee. CLA denies all other allegations contained in Paragraph 35 not specifically admitted.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## COUNT I – ACTION ON ACCOUNT
### (Against COSCO)

42. With respect to the allegations contained in Paragraphs 1-41, incorporated by reference, CLA incorporates by reference the answers set forth in response.

43.-49. The allegations contained in Paragraphs 1-49 are not directed to CLA, and, therefore, do not require an answer. To the extent an answer is deemed to be required by CLA, CLA denies same.

## COUNT II – BREACH OF IMPLIED CONTRACT
### (Against COSCO)

50. With respect to the allegations contained in Paragraphs 1-49, incorporated by reference, CLA incorporates by reference the answers set forth in response.

51.-57. The allegations contained in Paragraphs 51-57 are not directed to CLA, and, therefore, do not require an answer. To the extent an answer is deemed to be required by CLA, CLA denies same.

## COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT
### (Against COSCO)

58. With respect to the allegations contained in Paragraphs 1-57, incorporated by reference, CLA incorporates by reference the answers set forth in response.

59.-68. The allegations contained in Paragraphs 1-68 are not directed to CLA, and, therefore, do not require an answer. To the extent an answer is deemed to be required by CLA, CLA denies same.

### COUNT IV – QUANTUM MERUIT/UNJUST ENRICHMENT
### (Against COSCO Logistics Americas Inc.)

69. With respect to the allegations contained in Paragraphs 1-68, incorporated by reference, CLA incorporates by reference the answers set forth in response.

70.-72. Denied.

### COUNT V – BREACH OF CONTRACT
### (Against COSCO Logistics Americas Inc.)

73. With respect to the allegations contained in Paragraphs 1-72, incorporated by reference, CLA incorporates by reference the answers set forth in response.

74.-79. Denied.

### COUNT VI – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against COSCO Logistics Americas Inc. and COSCO)

80. With respect to the allegations contained in Paragraphs 1-79, incorporated by reference, CLA incorporates by reference the answers set forth in response.

81. Paragraph 81 contains a conclusion of law to which no answer is necessary. However, to the extent an answer may be deemed necessary, CLA denies the allegations contained in Paragraph 81.

82.-88. Denied.

### COUNT VII – FRAUDULENT MISREPRESENTATION
### (Against COSCO Logistics Americas Inc.)

89. With respect to the allegations contained in Paragraphs 1-88, incorporated by reference, CLA incorporates by reference the answers set forth in response.

90.-99. Denied.

### COUNT VIII – NEGLIGENT MISREPRESENTATION
### (Against COSCO Logistics Americas Inc.)

100. With respect to the allegations contained in Paragraphs 1-99, incorporated by reference, CLA incorporates by reference the answers set forth in response.

101.-111. Denied.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. CLA denies each and every allegation contained in the Counterclaim not specifically admitted herein, and demands strict proof thereof.

2. CLA states that until it avails itself of its rights of discovery, it cannot determine which, if any, of the following defenses will be asserted at trial. These defenses are pleaded in order to preserve CLA's right to assert them at trial and to give notice of its intention to assert these defenses and to avoid waiver of any defense.

3. The Counterclaim fails to state a claim upon which relief can be granted.

4. There is no offer, acceptance, consideration, contract or account as between CLA and Counterclaim Plaintiff for the transactions asserted by Counterclaim Plaintiff.

5. Counterclaim Plaintiff's' claims are barred in whole or in part because Counterclaim Plaintiff failed to take reasonable efforts to mitigate their damages, if any.

6. No losses have been sustained by Counterclaim Plaintiff as a result of any action or inaction of CLA. In fact, Counterclaim Plaintiff has benefited from any contracted services.

7. Counterclaim Plaintiff's claims are barred in whole or in part by the §516.120, RSMo, the applicable statute of limitations and/or statutes of repose, to the extent that such claims arose more than five years prior to the filing of the Counterclaim.

8. Counterclaim Plaintiff's claims are barred in whole or in part by lack of consideration.

9. Counterclaim Plaintiff's claims are barred in whole or in part by failure of consideration.

10. Counterclaim Plaintiff's claims are barred due to estoppel, waiver, latches, and/or other equitable doctrine.

11. Counterclaim Plaintiff's claims are barred because of Plaintiff's express or implied consent to the acts complained of in the Counterclaim.

12. Counterclaim Plaintiff's claims are barred because Plaintiff ratified the actions complained of herein.

13. Counterclaim Plaintiff's claims are barred because CLA complied with each of its contractual obligations.

14. Counterclaim Plaintiff's claims are barred under the doctrine of release and waiver.

15. To the extent that Counterclaim Plaintiff is indebted to CLA herein, CLA is entitled to a set-off against any recovery that the Counterclaim Plaintiff may obtain in this action.

16. The Counterclaim fails to plead Counterclaim Plaintiff's claims of fraud and negligent misrepresentation with particularity as required by Rule 9(b), Federal Rules of Civil Procedure.

17. The Counterclaim does not describe Counterclaim Plaintiff's claims with sufficient particularity to permit CLA to ascertain other defenses that may exist. Therefore, CLA reserves its right and privilege under the Federal Rules of Civil

Procedure to raise any and all other applicable defenses pending the outcome of discovery.

WHEREFORE, Plaintiff-Counterclaim Defendant COSCO Logistics (Americas), Inc. respectfully requests that this Court enter a judgment in its favor as to all counterclaims alleged by Counterclaim Plaintiff herein, for an award of its costs incurred herein, and for such other and further relief as the Court deems just and proper.

> Respectfully submitted,
>
> HUSCH & EPPENBERGER, L.L.C.
>
> By: /s/Martha Charepoo
> Harry B. Wilson, E.D. No. 4725
> Alan B. Hoffman, E.D. No. 3413
> Martha Charepoo, E.D. No. 500389
> 190 Carondelet Plaza, Suite 600
> St. Louis, MO 63 105
> Telephone: (3 14) 480-1 500
> Facsimile: (314) 480-1505
> harry.wilson@husch.com
> alan.hoffman@husch.com
> martha.charepoo@husch.com
>
> DUANE MORRIS LLP
>
> Keith Zakarin, pro hac admission
> 101 West Broadway, Suite 900
> San Diego, CA 92101-8285
> Telephone: (619) 744-2278
> Facsimile:  (619) 744-2201
> kzakarin@duanemorris.com
>
> *Attorneys for Plaintiff-Counterclaim Defendant COSCO Logistics (Americas), Inc.*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of the Court for the United States District Court Eastern District of Missouri, Eastern Division, on <u>October 1, 2007</u>, to be served by operation of that Court's electronic filing system upon the following:

  Gretchen Garrison
  Andrew J. Scavotto
  Stinson Morrison Hecker LLP
  100 South Fourth Street
  Suite 700
  St. Louis, MO  63102
  ggarrison@stinson.com
  ascavotto@stinson.com

    *Attorneys for Defendants*

                <u>/s/ Martha Charepoo</u>