IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **COSCO Logistics (Americas), Inc.** )<br>         **Plaintiff,** )<br>    vs. )<br>  )<br>**TCB Transportation, Inc.** )<br>**and Jerold L. Kausch, Jr.,** )<br>         **Defendants** )<br>  )<br>         **And** )<br>  )<br>**TCB Transportation, LLC** )<br>         **Plaintiff,** )<br>    vs. )<br>  )<br>**COSCO Logistics (Americas), Inc.** )<br>         **And** )<br>**China Ocean Shipping Company,** )<br>         **Defendants.** ) | **Case No. 04:07-CV-01461-CEJ**<br>**Consolidated with**<br><br><br><br><br><br>**Case No. 04-07-CV-01566-CEJ** |

### COSCO LOGISTICS (AMERICAS), INC.'S ANSWER TO TCB TRANSPORTATION, LLC'S COMPLAINT

COMES NOW Defendant COSCO Logistics (Americas), Inc. ("CLA"), and for its Answer to Plaintiff TCB Transportation LLC's Complaint in Case No. 04-07-CV-01566-CEJ, states as follows:

1.    CLA is without sufficient information to admit or deny the allegations contained in Paragraph 1, and, therefore, denies same.

2.    Admitted.

3.    Denied.

4.    CLA admits that China Ocean Shipping Company Americas, Inc. is a parent corporation of CLA. CLA denies all other allegations contained in Paragraph 4 not specifically admitted.

5. CLA is without sufficient information to admit or deny the allegations contained in Paragraph 5, and, therefore, denies same.

6. Denied.

7. Admitted.

8. Denied.

9. Admitted.

10. CLA is without sufficient information to admit or deny the allegations contained in Paragraph 10, and, therefore, denies same.

11. CLA is without sufficient information to admit or deny the allegations contained in Paragraph 11, and, therefore, denies same.

12. CLA is without sufficient information to admit or deny the allegations contained in Paragraph 12, and, therefore, denies same.

13. Admitted.

14. CLA is without sufficient information to admit or deny the allegations contained in Paragraph 14, and, therefore, denies same.

15. CLA is without sufficient information to admit or deny the allegations contained in Paragraph 15, and, therefore, denies same.

16. CLA admits that it provided transportation services as requested by TCB, Inc. and performed all of the services which it agreed to provide. CLA denies all other allegations contained in Paragraph 16 not specifically admitted.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. CLA is without sufficient information to admit or deny the allegations contained in Paragraph 25, and, therefore, denies same.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. CLA admits so much of Paragraph 35 as alleges that some of CLA's line haul charges included a chassis fee. CLA denies all other allegations contained in Paragraph 35 not specifically admitted.

36.-49. Denied.

**COUNT I – ACTION ON ACCOUNT**
**(Against COSCO)**

50. With respect to the allegations contained in Paragraphs 1-49, incorporated by reference, CLA incorporates by reference the answers set forth in response.

51.-57. The allegations contained in Paragraphs 51-57 are not directed to CLA, and, therefore, do not require an answer. To the extent an answer is deemed to be required by CLA, CLA denies same.

## COUNT II – BREACH OF IMPLIED CONTRACT
### (Against COSCO)

58. With respect to the allegations contained in Paragraphs 1-57, incorporated by reference, CLA incorporates by reference the answers set forth in response.

59.-65. The allegations contained in Paragraphs 59-57 are not directed to CLA, and, therefore, do not require an answer. To the extent an answer is deemed to be required by CLA, CLA denies same.

## COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT
### (Against COSCO)

66. With respect to the allegations contained in Paragraphs 1-65, incorporated by reference, CLA incorporates by reference the answers set forth in response.

67.-76. The allegations contained in Paragraphs 67-76 are not directed to CLA, and, therefore, do not require an answer. To the extent an answer is deemed to be required by CLA, CLA denies same.

## COUNT IV – QUANTUM MERUIT/UNJUST ENRICHMENT
### (Against COSCO Logistics Americas Inc.)

77. With respect to the allegations contained in Paragraphs 1-76, incorporated by reference, CLA incorporates by reference the answers set forth in response.

77.-80. Denied.

## COUNT V – ACTION ON ACCOUNT
### (Against COSCO Logistics Americas, Inc.)

81. With respect to the allegations contained in Paragraphs 1-80, incorporated

by reference, CLA incorporates by reference the answers set forth in response.

82.-85. Denied.

### COUNT VI – BREACH OF IMPLIED CONTRACT
### (Against COSCO Logistics Americas, Inc.)

86. With respect to the allegations contained in Paragraphs 1-85, incorporated by reference, CLA incorporates by reference the answers set forth in response.

87.-91. Denied.

### COUNT VII – QUANTUM MERUIT/UNJUST ENRICHMENT
### (Against COSCO Logistics Americas, Inc.)

92. With respect to the allegations contained in Paragraphs 1-91, incorporated by reference, CLA incorporates by reference the answers set forth in response.

93.-96. Denied.

### COUNT VIII – BREACH OF CONTRACT
### (Against COSCO Logistics Americas Inc. and COSCO)

97. With respect to the allegations contained in Paragraphs 1-96, incorporated by reference, CLA incorporates by reference the answers set forth in response.

98.-103. Denied.

### COUNT IX – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against COSCO Logistics Americas Inc. and COSCO)

104. With respect to the allegations contained in Paragraphs 1-103, incorporated by reference, CLA incorporates by reference the answers set forth in response.

105. Paragraph 105 contains a conclusion of law to which no answer is necessary. However, to the extent an answer may be deemed necessary, CLA denies the allegations contained in Paragraph 105.

106.-112. Denied.

## COUNT X – FRAUDULENT MISREPRESENTATION
### (Against COSCO Logistics Americas Inc.)

113.    With respect to the allegations contained in Paragraphs 1-112, incorporated by reference, CLA incorporates by reference the answers set forth in response.

114.-123. Denied.

## COUNT XI – NEGLIGENT MISREPRESENTATION
### (Against COSCO Logistics Americas Inc.)

124.    With respect to the allegations contained in Paragraphs 1-123, incorporated by reference, CLA incorporates by reference the answers set forth in response.

125.-135. Denied.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1.    CLA denies each and every allegation contained in the Complaint not specifically admitted herein, and demands strict proof thereof.

2.    CLA states that until it avails itself of its rights of discovery, it cannot determine which, if any, of the following defenses will be asserted at trial. These defenses are pleaded in order to preserve CLA's right to assert them at trial and to give notice of its intention to assert these defenses and to avoid waiver of any defense.

3.    The Complaint fails to state a claim upon which relief can be granted.

4.    There is no offer, acceptance, consideration, contract or account as between CLA and Plaintiff for the transactions asserted by Plaintiff.

5. Plaintiff's' claims are barred in whole or in part because Plaintiff failed to take reasonable efforts to mitigate its damages, if any.

6. No losses have been sustained by Plaintiff as a result of any action or inaction of CLA. In fact, Plaintiff has benefited from any contracted services.

7. Plaintiff's claims are barred in whole or in part by the §516.120, RSMo, the applicable statute of limitations and/or statutes of repose, to the extent that such claims arose more than five years prior to the filing of the Complaint.

8. Plaintiff's claims are barred in whole or in part by lack of consideration.

9. Plaintiff's claims are barred in whole or in part by failure of consideration.

10. Plaintiff's claims are barred due to estoppel, waiver, latches, and/or other equitable doctrine.

11. Plaintiff's claims are barred because of Plaintiff's express or implied consent to the acts complained of in the Complaint.

12. Plaintiff's claims are barred because Plaintiff ratified the actions complained of herein.

13. Plaintiff's claims are barred because CLA complied with each of its contractual obligations.

14. Plaintiff's claims are barred under the doctrine of release and waiver.

15. To the extent that Plaintiff is indebted to CLA herein, CLA is entitled to a set-off against any recovery that the Plaintiff may obtain in this action.

16. The Complaint fails to plead Plaintiff's claims of fraud and negligent misrepresentation with particularity as required by Rule 9(b), Federal Rules of Civil Procedure.

17. The Complaint does not describe Plaintiff's claims with sufficient particularity to permit CLA to ascertain other defenses that may exist. Therefore, CLA reserves its right and privilege under the Federal Rules of Civil Procedure to raise any and all other applicable defenses pending the outcome of discovery.

WHEREFORE, Defendant COSCO Logistics (Americas), Inc. respectfully requests that this Court enter a judgment in its favor as to all allegations alleged by Plaintiff herein, for an award of its costs incurred herein, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

HUSCH & EPPENBERGER, L.L.C.

By: /s/ Martha Charepoo
Harry B. Wilson, E.D. No. 4725
Alan B. Hoffman, E.D. No. 3413
Martha Charepoo, E.D. No. 500389
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505
harry.wilson@husch.com
alan.hoffman@husch.com
martha.charepoo@husch.com

DUANE MORRIS LLP

Keith Zakarin, pro hac admission
101 West Broadway, Suite 900
San Diego, CA 92101-8285
Telephone: (619) 744-2278
Facsimile: (619) 744-2201
kzakarin@duanemorris.com

*Attorneys for COSCO Logistics (Americas), Inc. as Plaintiff in Case No. 1461 and as Defendant in Case No. 1566*

2773632.01                                8

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of the Court for the United States District Court Eastern District of Missouri, Eastern Division, on October 3, 2007, to be served by operation of that Court's electronic filing system upon the following:

Gretchen Garrison
Andrew J. Scavotto
Stinson Morrison Hecker LLP
100 South Fourth Street
Suite 700
St. Louis, MO  63102
ggarrison@stinson.com
ascavotto@stinson.com

> *Attorneys for Defendants TCB Transportation, Inc. and Jerold L. Kausch, Jr. in Case No. 1461 and Plaintiff TCB Transportation, LLC in Case No. 1566*

      /s/Martha Charepoo