**美国密苏里州东区**

**地区法院**

**东部分庭**

中远物流（美国）公司（COSCO Logistics (Americas), Inc.） ）
                                                     ）
               原告 ）
                                                      ）
诉 ）
                                                      ）
TCB 运输公司（TCB Transportation, Inc.）和 ）
杰罗尔德·L. 考施, Jr.（Jerold L. Kausch, Jr.） ）
                                                      ）案号：4:07CV1461CEJ
             被告 ）
                                                      ）
                                                      ）
                                                      ）
诉 ）
                                                      ）
中远物流（美国）公司 ）
                                                      ）
和 ）
                                                      ）
中国远洋运输公司（China Ocean Shipping Company） ）
送达：按《美国法典》第 28 卷第 1608 条（28 U.S.C. §1608） ）
       和《海牙公约》 ）
                                                      ）
             反诉 ）
             被告 ）

DB02:800444

## 答辩与反诉状

被告 TCB 运输公司（"TCB, Inc."）和杰罗尔德·L. 考施（"Kausch"），现对原告中远物流

（美国）公司的起诉状答辩如下：

    1.    被告承认，原告是依据特拉华州法律成立的主营业地位于新泽西州锡考斯加

市的公司。第 1 段的其余主张是法律上的结论，不需要予以答辩。如果需要予以答辩，被

告否认第 1 段的其余主张。

    2.    被告承认，TCB, Inc.是依据密苏里州法律成立并存续的公司，但是，被告否

认，在起诉状所称的期间内，TCB, Inc.与原告开展过业务，或者是与原告之间的交易的当

事方。第 2 段的其余主张是法律上的结论，不需要予以答辩。如果需要答辩，被告否认第

2 段的其余主张。

    3.    被告承认，Kausch 是居住在密苏里州圣路易郡的个人，但否认第 3 段的其

余主张。

    4.    被告承认，争议中主张的金额超过 75,000.00 美元，但是，被告否认，原告

有权获得该金额或任何金额。第 3 段的其余主张是法律上的结论，不需要予以答辩。如果

需要予以答辩，被告否认第 3 段的其余主张。被告还否认 TCB, Inc.是本诉讼的适当的当

事人。

2

5. 被告否认，在起诉状所称的期间内，TCB, Inc.与原告开展过业务，或者是与

原告之间的交易的当事方。被告承认，Kausch 居住在圣路易郡。第 5 段的其余主张是法

律上的结论，不需要予以答辩。如果需要予以答辩，被告否认第 5 段的其余主张。

### 诉讼理由一

6. 被告承认，CLA 的前身是多式联运桥梁服务公司（Intermodal Bridge

Services, Inc.）。被告另承认，CLA 过去和现在向美国的货物托运人提供铁路运输服务。

对第 6 段的其余主张，被告缺乏足够的了解或信息，无法发表意见，因此，不予承认。

7. 被告否认，在起诉状主张的期间内，被告与原告开展过业务，或者是与原告

之间的交易的当事方。被告另否认，在起诉状所称的期间内，"TCB [Inc.]和 Kausch"从事

过所称的业务，并否认 Kausch 个人从事过该业务。被告声明，在起诉状所称的期间内，

原告为一个有限责任公司的运输客户提供过特定运输服务，而 Kausch 是该公司的股东，

并提供过特定发票，但否认第 7 段的其余主张。

8. 被告否认，在起诉状所称的期间内，原告曾应被告 TCB [Inc.]和 Kausch 的

请求，提供过运输服务，并否认 TCB [Inc.]和 Kausch 对原告负有 1,287,015.60 美元或任何

3

金额的债务。被告承认，起诉状附件1是一份表明往来账户情况的文件，但是，被告否认

该文件的内容、准确性、真实性及其账目、记账交易账目或往来账目性质。

9.    被告否认第9段的主张。

10.   被告否认第10段的主张。

### 诉讼理由二

11.   被告在此通过引用并入其对第1-10段的主张的答辩意见。

12.   被告否认第12段的主张。

13.   被告否认第13段的主张。

14.   被告否认第14段的主张。

15.   被告否认第15段的主张。

16.   被告否认第16条的主张。

### 其他进一步的答辩和抗辩

17.   对上文未予明确承认的所有主张和推断，被告均予否认。

18.   原告未能说明据以作出救济的诉讼请求。

4

19.    对原告所称的交易，原告和 TCB, Inc.或原告和 Kausch 之间不存在任何要

约、承诺、对价、合同或交易关系。

20.    因为对价无效，原告的请求全部或部分受到阻却。

21.    因为缺乏对价，原告的请求全部或部分受到阻却。

22.    因为给付，原告的请求全部或部分受到阻却。

23.    因为弃权和/或禁反言原则，原告的请求全部或部分受到阻却。

24.    因为迟误原则，原告的请求全部或部分受到阻却。

25.    因为原告在先实质违约，原告的请求全部或部分遭到禁止。

26.    因为在引诱中存在实际或推定欺诈，原告的请求全部或部分受到阻却。

27.    因为抵消或扣减，原告的请求和任何救济全部或部分受到阻却。

28.    因未能按照《密苏里州修订法典》第 351.574.1.条（Mo. Rev. Stat.

§351.574.1.）的规定取得当局在密苏里州经营的执照，原告缺乏原告资格，并/或不能执

行其请求。

29.    原告未能依据《联邦民事诉讼规则》第 19 条确定必要的当事人。

5

因此，原告无权获得所请求的救济，也无权获得 TBC, Inc.或 Kausch 的任何救济，

TBC, Inc.和 Kausch 请求本法院下令驳回原告的诉讼，并请求法院判决支持被告的请求，

判决原告败诉，原告无权获得任何救济，并请求法院作出法院任何公平适当的其他进一步

的救济。

## 反诉请求

TCB 运输公司现对原告和中国远洋运输公司提出如下反诉请求：

## 当事人

1.    TCB 运输公司（"TCB, Inc."）是一家密苏里州公司，其主营业地位于密苏里

州圣路易郡。

2.    中远物流（美国）公司（"CLA"）是一家特拉华州公司，其主营业地位于新

泽西州锡考加斯市。在 2007 年 1 月 1 日之前，CLA 曾使用多式联运桥梁服务公司这一名

称。

3.    中国远洋运输公司（简称"中远"）是一家位于中国的国有企业，而中国是

《海牙公约》的签字国。中远自己并/或通过其在美国的一家或多家子公司，真实、持续

性的在美国开展业务。其中一家子公司是中国远洋运输公司（美国）公司（简称"中远美

6

国"），中远美国是一家加利福尼亚州公司，主营业地址位于新泽西州锡考斯加市，该公

司有员工 600 多人，通过在全美大约 80 家办事处开展经营。中远美国是中远在美国的代

理和管理中心，代表中远在美国的利益。

    4.      中远美国是 CLA 的母公司或合资公司所有人/合作方。

    5.      对中远提出的诉讼请求的事实根据是，中远在美国和密苏里东区开展的商业

活动、在美国和密苏里东区所作的与在中国的商业活动有关的行为、或与在中国进行但在

美国和密苏里东区产生直接作用的商业活动有关的行为，特别是与 TCB, Inc.之间的运输

服务有关的行为和商业活动。

    6.      对中远提出的诉讼请求的理由，与 CLA 的起诉状中载明的系列交易和事件

相同，且所有当事人因本诉讼面临着共同的法律和事实问题。此外，因为当事人之间的关

系以及引发本诉讼的事实和情形，为了进行公平审判，有必要把中远合并入本诉讼。

### 管辖与审判地

    7.      依据《美国法典》第 28 卷第 1330 条（28 U.S.C. §1330）、《美国法典》第

28 卷第 1602-1611 条（28 U.S.C. §§1602-1611）和《美国法典》第 28 卷第 1332 条（28

U.S.C. §1332），本法院对本项争议有诉讼标的管辖权。

7

8.    CLA 和中远均真实、持续性的在密苏里州开展业务，在密苏里州进行交

易，在密苏里州与 TCB, Inc.签订合同，并在密苏里州做出了侵权行为或者侵权行为的后

果发生在密苏里州。CLA 和中远具有充分的一般和具体联系，可以满足《密苏里州修正

法典》第 506.500 条（Rev. Stat. §506.500）和联邦正当程序原则的属人管辖要求。

9.    依据《美国法典》第 28 卷第 1391 条（28 U.S.C. §1391），本地区作为审判

地是恰当的。

### 一般主张

10.    至少从 1999 年开始，直到 2003 年年中，TCB, Inc.一直从事为客户安排货物

运输业务，请他人将货物运送到包括洛杉矶、奥克兰、波特兰、纽约和巴尔的摩港在内的

服务区域内的不同地点。在 2003 年年中 TCB LLC 成立之后，该业务由 TCB 运输有限公

司（TCB Transportation LLC）（简称"TCB LLC"）进行。

11.    该货物的运输，使得需要使用运输/轮船公司的大型集装箱，将货物运输到

美国的不同海港，然后卸下集装箱，用货车将集装箱运送到铁路沿线，然后用火车运送到

不同的地点，再用货车运送给进口客户，从集装箱上卸下货物，并储存在仓库或其他设施

内。集装箱卸下货物后，可以用来将国内托运客户的货物沿返回路线运到某个沿海港口。

使用货车将空集装箱从仓库运到客户所在处，装上客户的货物，用货车运回到铁路沿线，

再用火车运输，到达特定区域后，由货车在目的地沿海城市接货，运到客户的目的地并卸

货。然后，空集装箱返回到装运港口，清空并准备出口。除其他事项外，通过安排将空集

装箱运回到装运港，并减少运输成本，使得这一安排对运输公司有利。

      12.    除其他事务外，中远过去和现在从事货物和集装箱的海洋运输业务，将货物

和集装箱运送到包括美国在内的多个国家。除其他港口外，其港口还包括洛杉矶、波特

兰、奥克兰、西雅图和纽约。

      13.    CLA 过去和现在通过包括铁路在内的多种方式，向美国的货物托运人提供

多式联运服务。

      14.    自 1999 年到 2003 年年中，TCB, Inc.（和 2003 年年中之后的 TCB LLC）确

保其客户使用多家运输公司拥有的集装箱，并按上文第 11 条所述，在集装箱的返程路

径，安排货车和火车进行运输。

      15.    TCB, Inc.（和 2003 年年中之后的 TCB LLC）的一个或多个客户，希望运输

货物，并请求集装箱前往特定方向的地点，其中包括中远所有的集装箱。

16.　　TCB , Inc.（和 2003 年年中之后的 TCB LLC）与 CLA（当时称多式联运桥梁服务公司）达成了一项安排，按照该安排，CLA 同意确保（或向其提供）TCB , Inc.（和 2003 年年中之后的 TCB LLC）的客户使用中远的集装箱。本过程的一部分是，CLA 提供确认/放箱号，以使 TCB , Inc.（和以后的 TCB LLC）从储存中远集装箱的仓库，提取中远的集装箱。与集装箱的使用有关的是，TCB , Inc.（和 TCB LLC）安排通过火车和货车将中远的集装箱运输并交回其原装运港或约定的其他沿海港口，从而为中远创造利益。

17.　　为了换取确保使用中远的集装箱，CLA 要求 TCB, Inc.（和 2003 年年中之后的 TCB LLC）使用 CLA 提供铁路运输服务。

18.　　CLA 的运费费率或托运费报价，要比 TCB, Inc.（和 2003 年年中之后的 TCB LLC）本来可以从提供类似服务的其他公司获得的普遍收费要高。

19.　　但是，该安排的一项内容是，CLA 同意，因将中远的集装箱运回到中远的装运港，中远将按时向 TCB, Inc.（和 2003 年年中之后的 TCB LLC）支付公平的集装箱返回费（或折让）。该集装箱返回服务及其费用是每笔运输交易的组成部分。

DB02:800444

20.　自始至终，该安排都是基于这一预期和约定，即在每笔运输交易中，集装箱返回费将抵消或降低 CLA 的托运费，从而产生 TCB, Inc.（和 2003 年年中之后的 TCB LLC）的净成本。CLA 和中远明知并理解，中远的按时支付对 TCB, Inc.（和 2003 年年中之后的 TCB LLC）而言非常重要，并且是约定的必要组成部分。

21.　TCB, Inc.（和 TCB LLB）曾在多个场合告诉 CLA，其托运费太高了，而 CLA 的回复是（不是降低托运费，而是）提高中远支付的集装箱返回费。

22.　在所有相关情形下，所有当事人均将托运费和集装箱返回费视作同一运输交易的组成部分。

23.　在所有相关情形下，CLA 指示 TCB, Inc.（和 2003 年年中之后的 TCB LLC），将其发票按特定 CLA 办事处的地址交给中远，而 TCB, Inc.（和 2003 年年中之后的 TCB LLC）也确实这样做了。在 2003 年年中之前 TCB, Inc.、大约在 2006 年 5 月之前 TCB LLC 获得的中远的支票，是通过 CLA 转交的。

24.　在所有相关情形下，在与该交易和约定有关的事务上，CLA 拥有以中远代理人的身份并代表中远行事的实际的、表面上的和/或默示的授权。

25.    此外，通过向 TCB, Inc.（和 TCB LLC）支付 CLA 所同意的集装箱返回服务费，中远已承认了 CLA 的授权。

26.    在所有相关情形下，CLA 和中远都明知并理解，TCB, Inc.（和 2003 年年中之后的 TCB LLC）向其客户索要的价格，在相当程度上是基于全额、按时支付集装箱返回费确定的。

27.    如果不存在相应的约定，即在涉及中远的集装箱的每笔运输交易中，中远会按时向 TCB, Inc.（和 TCB LLC）支付公平的集装箱返回费，TCB, Inc.（和 TCB LLC）就不会同意或继续同意使用 CLA 的铁路运输服务，也不会同意或继续同意 CLA 的托运费报价。

28.    CLA 还同意，对 CLA 运输的不属于中远所有的集装箱，其也将支付集装箱返回费。

29.    至少从 1999 年开始（直到 2003 年年中），各当事人即已按该过程进行交易。

30.    TCB, Inc.（和 2003 年年中之后的 TCB LLC）提供的集装箱返回服务，要求使用货车将中远的集装箱从托运客户的起运地点运到铁路沿线，从铁路沿线运到火车终点

DB02/800444

站，然后再用货车运到托运人的目的地，再从该目的地运到装运港，所有这些过程是将集装箱返回到装运港的集装箱返回服务的组成部分。

31.    中远的集装箱没有配备移动装置。中远和 CLA 明知并理解，这需要货车司机使用安装到集装箱上的轮式底盘，这项服务的额外收费大约是 55.00 美元。

32.    中远和 CLA 还明知并理解，除非中远或 CLA 直接向货车司机支付这项费用，货车司机将向 TCB, Inc.（和 TCB LLC）收费。

33.    2005 年下半年到 2006 年上半年，中远向 TCB LLC 支付了集装箱返回费中的底盘部分，但是仅就 TCB LLC 提供的一个装运港（洛杉矶）进行支付，并向货车司机支付了该项服务的费用。在 2005 年下半年之前，中远没有向 TCB, Inc.（或 TCB LLC）支付该服务或其他装运港口的集装箱返回服务费中的底盘部分。

34.    使用中远的集装箱、使用 CLA 的铁路服务、提供集装箱返回服务（包括使用底盘），均对中远和 CLA 有利。

35.    在或大约在 2006 年 5 月，CLA（向 TCB LLC）收取的托运费变成了"混合费率"，即将托运费与集装箱返回费混在一起。该费率包括搬运中远的集装箱的底盘费用。

36.    自 1999 年到 2003 年年中，应 CLA 和中远的请求，TCB, Inc.提供了涉及中远的集装箱的集装箱返回服务，包括使用轮式底盘，CLA 和中远自始至终都明知并理解这是服务的必要组成部分。TCB, Inc.最后一次向 CLA 或中远提供此类服务，是在或大约在 2003 年 6 月。

37.    1999 年到 2000 年，应 CLA 和中远的请求，TCB, Inc.提供了集装箱返回服务，该服务需要使用轮式底盘，因此向中远开出的账单金额合计为 69,925.00 美元。

38.    2001 年，应 CLA 和中远的请求，TCB, Inc.提供了集装箱返回服务，该服务需要使用轮式底盘，因此向中远开出的账单金额合计为 181,280.00 美元。

39.    2003 年，应 CLA 和中远的请求，TCB, Inc.提供了集装箱返回服务，该服务需要使用轮式底盘，因此向中远开出的账单金额合计为 87,887.50 美元。

40.    这些金额全部是合理的。

41.    尽管向其索要，但中远和 CLA 都没有支付这些款项。

## 诉讼理由一  赊账之诉
### （针对中远）

42.    TCB, Inc.重申并并入第 1 到 41 段的主张，如同在此完整列出一般。

43.    自 1999 年到 2003 年年中，中远通过其代理人 CLA 提出，请求 TCB, Inc 提供涉及中远所有的集装箱的集装箱返回服务。

44.    自 2003 年年中到 2006 年，中远通过其代理人 CLA 提出，请求 TCB LLC 提供涉及中远所有的集装箱的集装箱返回服务。

45.    中远请求、并由 TCB, Inc.（和 2003 年年中之后的 TCB LLC）提供的集装箱返回服务，包括为中远的集装箱安装轮式底盘，这是所请求的服务的必要组成部分。

46.    TCB, Inc.（和 TCB LLC）按照请求提供了集装箱返回服务。

47.    TCB, Inc.（和 TCB LLC）对此类服务的收费，是按与 CLA 和中远的记账交易收取的，而且是合理的。

48.    但是，中远没有并拒绝支付此类服务的费用，欠付金额合计为 464,777.50 美元。

49.    对 2003 年年中到 2006 年 CLA 和中远请求、TCB LLC 提供、且 CLA 和中远接受的类似服务，中远也没有并拒绝向 TCB LLC 支付费用，集装箱返回费欠付金额合计至少为 57,785 美元，集装箱返回服务中的底盘部分欠付金额合计至少为 232,097.50 美元，总计 289,882.50 美元。对 2006 年 CLA 请求、TCB LLC 提供的涉及非中远所有的集

装箱的类似服务，CLA 没有并拒绝向 TCB LLC 支付费用，欠付金额合计为 18,390.00 美元。TCB LLC.对中远和 CLA 的请求是通过单独的诉讼提出的，TCB, Inc.和 TCB LLC 业已或将要将本诉讼与之合并。

因此，TCB Inc.请求本法院支持 TCB Inc.的请求，判决中远败诉，令其至少支付 464,777.50 美元，或者支付审判中证实的其他金额，加上按法律允许的最高利率计算的判决前和判决后的利息，并请法院判决法院认为公平适当的所有其他和进一步的救济。

### 诉讼理由二　违反默示合同
（针对中远）

除了诉讼理由一外，TCB, Inc.对中远提出本第二项诉讼理由，内容如下：

50.　　TCB, Inc.重申并并入第 1 到 49 段的主张，如同在此完整陈述一般。

51.　　按照当事人的交易过程，涉及中远的集装箱的每笔运输交易，CLA 均需向 TCB, Inc.（和 2003 年年中之后的 TCB LLC）收取托运费，而 TCB, Inc.（和 2003 年年中之后的 TCB LLC）需向中远收取集装箱返回费，因此，在该运输交易中，TCB, Inc.（和 TCB LLC）会发生净成本。

52.　　CLA 和中远请求、并由 TCB, Inc.（和 2003 年年中之后的 TCB LLC）提供的集装箱返回服务，包括底盘部分，CLA 和中远自始至终都明知并理解，底盘部分是

16

CLA 和中远请求、TCB, Inc.（和 2003 年年中之后的 TCB LLC）提供、且 CLA 和中远接

受的服务的必要组成部分。

53.　　集装箱返回服务和收费，包括地盘部分（及其净效果）在内，也是行业惯

例。

54.　　按照当事人的交易过程以及行业惯例，当事人之间存在一项默示的合同，即

就 TCB, Inc.（和 TCB LLC）提供的、且中远接受的涉及中远所有的集装箱的集装箱返回

服务，包括底盘部分，中远将向 TCB, Inc.（和 TCB LLC）支付费用。

55.　　尽管向其索要，但中远没有且拒绝就自 1999 年到 2003 年年中 CLA 和中远

请求、TCB, Inc.提供、且 CLA 和中远接受的服务向 TCB LLC 支付费用，欠付金额至少为

464,777.70 美元。

56.　　该等未能并拒绝支付的行为，违反了当事人之间的合同，对 TCB, Inc.造成

的损害总额至少为 464,777.70 美元。

57.　　对自 2003 年年中到 2006 年 CLA 和中远请求、TCB LLC 提供、且 CLA 和

中远接受的类似服务的费用，尽管已向其索要，但中远还是没有且拒绝向 TCB LLC 支

付，集装箱返回费欠付金额合计至少为 57,785 美元，集装箱返回服务中的底盘部分欠付

金额合计至少为 232,097.50 美元，总计 289,882.50 美元。对 2006 年 CLA 请求、TCB LLC

提供的涉及非中远所有的集装箱的类似服务，CLA 没有并拒绝向 TCB LLC 支付费用，欠

付金额合计为 18,390.00 美元。TCB LLC.对中远和 CLA 的请求是通过单独的诉讼提出

的，TCB, Inc.和 TCB LLC 业已或将要将本诉讼与之合并。

因此，TCB Inc.请求本法院支持 TCB Inc.的请求，判决中远败诉，令其至少支付

464,777.50 美元，或者支付审判中证实的其他金额，加上按法律允许的最高利率计算的判

决前和判决后的利息，并请法院判决法院认为公平适当的所有其他和进一步的救济。

### 诉讼理由三　合理金额/不当得利
#### （针对中远）

除了诉讼理由一和二外，TCB, Inc.对中远提出本第三项诉讼理由，内容如下：

58.　　TCB, Inc.重申并并入第 1 到 57 段的主张，如同在此完整陈述一般。

59.　　在所有相关情形下，TCB, Inc.（和 2003 年年中之后的 TCB LLC）与 CLA

和中远之间的安排是，TCB, Inc.（和 2003 年年中之后的 TCB LLC）将使用 CLA 的铁路

服务运输中远的集装箱，TCB, Inc.（和 2003 年年中之后的 TCB LLC）将提供集装箱返回

服务，以将中远的集装箱返回到装运港，且中远将为本项服务按时向 TCB, Inc.（和 TCB

LLC）支付公平的费用。

18

60.    在所有相关情形下，CLA 和中远都明知并理解，如果中远不相应的按时支付公平的集装箱返回费，TCB, Inc.（和 TCB LLC）就不会同意或继续同意使用 CLA 的服务运输集装箱，也不会支付 CLA 所收取的托运费。

61.    在所有相关情形下，所有当事人均将托运费和集装箱返回费视作一笔运输交易的组成部分。

62.    该安排以及 TCB, Inc.（和 TCB LLC）提供的集装箱返回服务，将空集装箱返回到装运港，对中远有利。使用 CLA 提供中远的集装箱的铁路运输服务，以及向 CLA 支付托运费，也对中远有利，因为 CLA 是中远的全资子公司中远美国（中远通过中远美国在美国开展业务）的子公司或合资企业。

63.    自 1999 年到 2003 年年中，CLA 和中远请求 TCB Inc.提供中远的集装箱的集装箱返回服务，包括提供轮式底盘，这是集装箱返回服务的必要且预期的组成部分。TCB, Inc.按照请求提供了此类服务，而 CLA 和中远接受了此类服务。

64.    服务对中远有利，CLA 和中远承认并认识到了这一点。

19

65.    对自 1999 年到 2003 年年中 CLA 和中远请求、TCB, Inc.提供、且 CLA 和中远接受的服务的费用，尽管已向其索要，但中远没有且拒绝向 TCB, Inc.支付，欠付金额至少为 464,777.50 美元。

66.    中远接受此类服务，而没有进行支付，是以 TCC, Inc.的支出，不正当的增加了中远的利益，该支出的金额至少为 464,777.50 美元，这是不正当、不公平的。

67.    自 2003 年年中到 2006 年，CLA 和中远请求 TCB LLC.提供类似的集装箱返回服务，TCB LLC 按照请求提供了此类服务，CLA 和中远也接受了此类服务。服务使中远获得了利益，CLA 和中远承认并认识到了这一点。

68.    对自 2003 年年中到 2006 年 CLA 和中远请求、TCB LLC 提供、且 CLA 和中远接受的服务的费用，尽管已向其索要，但中远还是没有且拒绝向 TCB LLC 支付，集装箱返回费欠付金额合计至少为 57,785 美元，集装箱返回服务中的底盘部分欠付金额合计至少为 232,097.50 美元，总计 289,882.50 美元。对 2006 年 CLA 请求、TCB LLC 提供的涉及非中远所有的集装箱的类似服务，CLA 没有并拒绝向 TCB LLC 支付费用，欠付金额合计为 18,390.00 美元。中远和 CLA 接受此类服务，而没有进行支付，是以 TCB LLC.

的支出，不正当的增加了中远的利益，这是不正当、不公平的。TCB LLC 对中远和 CLA

的请求是通过单独的诉讼提出的，TCB, Inc.和 TCB LLC 业已或将要将本诉讼与之合并。

因此，TCB, Inc.请求本法院支持 TCB, Inc.的请求，判决中远败诉，令其至少支付

464,777.50 美元，或者支付审判中证实的其他金额，加上按法律允许的最高利率计算的判

决前和判决后的利息，并请法院判决法院认为公平适当的所有其他和进一步的救济。

### 诉讼理由四  合理金额/不当得利
（针对中远物流美国公司）

除诉讼理由一到三外，TCB, Inc.对 CLA 提出本第四项诉讼理由，内容如下：

69.    TCB, Inc.重申并并入第 1 到 68 段的主张，如同在此完整陈述一般。

70.    TCB, Inc.（和 2003 年年中之后的 TCB LLC）与 CLA 和中远之间的安排，

可以确保 TCB, Inc.（和 2003 年年中之后的 TCB LLC）使用其铁路运输服务，这一点对

CLA 有利，CLA 所获得的利益至少为，因中远需要支付的集装箱返回费，而由 CLA"多

收"的托运费。

71.    向中远提供的集装箱返回服务，是与 CLA 之间的相同交易的组成部分，在

该交易中，TCB, Inc.（和 2003 年年中之后的 TCB LLC）向 CLA 支付了托运费，这也对

CLA 有利，CLA 承认并认识到了全部此类利益。

21

72.    接收此类服务，而不进行支付，是以 TCB, Inc.（和 TCB LLC）的支出，不正当的增加了 CLA 的利益，其支出的金额等于，CLA 因 TCB, Inc.（和 2003 年年中之后的 TCB LLC）使用其托运服务运送中远的集装箱，而获得的利润，或者至少等于剩余利润或未支付的集装箱返回费，该金额是不正当、不公平的。

因此，TCB, Inc.请求本法院支持 TCB, Inc.的请求，判决 CLA 败诉，令其至少支付 $464,777.50 美元，或者支付审判中证实的其他金额，加上按法律允许的最高利率计算的判决前和判决后的利息，并请法院判决法院认为公平适当的所有其他和进一步的救济。

### 诉讼理由五  违反合同
#### （针对中远物流美国公司和中远）

除诉讼理由一到四外，TCB, Inc.对中远和 CLA 提出本第五项诉讼理由，内容如下：

73.    TCB, Inc.重申并并入第 1 到 72 段的主张，如同在此完整陈述一般。

74.    在所有相关情形下，CLA 和中远均明知并理解，TCB, Inc.（和 2003 年年中之后的 TCB LLC）同意使用 CLA 的铁路服务并同意支付 CLA 收取的托运费，完全是因为存在相应的约定，即中远将按时就 TCB, Inc.（和 2003 年年中之后的 TCB LLC）提供的集装箱返回服务支付公平的集装箱返回费，且这是运输交易的组成部分。

75.　　在所有相关情形下，CLA 和中远均明知并理解，向 TCB, Inc.（和 2003 年年中之后的 TCB LLC）支付的集装箱返回费，会使 TCB, Inc（和.TCB LLC）产生交易净成本。

76.　　在所有相关情形下，CLA 和中远均明知并理解，对向 TCB, Inc.（和 TCB LLC）支付集装箱返回费而言，时间非常重要。如果未按时支付集装箱返回费，而 TCB, Inc.（和 TCB LLC）超额支付托运服务费，违背了当事人的约定和预期。

77.　　在当事人存在合作关系期间，CLA 和/或中远多次要求，就未提供或已支付、未经证实或存在其他错误的服务，支付托运费，因此，托运费的金额是错误的，存在重复收费。

78.　　此外，与当事人的约定相反的是，CLA 和/或中远少支付集装箱返回服务费、迟延支付或完全不予支付。

79.　　该等作为和不作为违反了当事人的约定，给 TCB, Inc.（和 TCB LLC）造成了损害。

23

因此，TCB, Inc.请求本法院支持 TCB, Inc.请求，判决 CLA 和中远败诉，令其至少

支付 464,777.50 美元，或者支付审判中证实的其他金额，加上按法律允许的最高利率计算

的判决前和判决后的利息，并请法院判决法院认为公平适当的所有其他和进一步的救济。

### 诉讼理由六  违反诚信和公平交易义务
（针对中远物流美国公司和中远）

除诉讼理由一到五外，TCB, Inc.对中远和 CLA 提出本第六项诉讼理由，内容如

下：

80.    TCB, Inc.重申并并入第 1 到 79 段的主张，如同在此完整陈述一般。

81.    依据密苏里州法律，诚信和公平交易义务是所有合同的默示规定。

82.    在所有相关情形下，CLA 和中远均明知并理解，TCB, Inc.（和 2003 年年中

之后的 TCB LLC）同意使用 CLA 的铁路服务并同意支付 CLA 索要的托运费，完全是因

为存在相应的约定，即中远将按时就 TCB, Inc.（和 2003 年年中之后的 TCB LLC）提供

的集装箱返回服务支付公平的集装箱返回费，且这是运输交易的组成部分。

83.    在所有相关情形下，CLA 和中远均明知并理解，向 TCB, Inc.（和 2003 年年

中之后的 TCB LLC）支付的集装箱返回费，会使 TCB, Inc.（和 TCB LLC）产生交易净成

本。

24

84.　在所有相关情形下，CLA 和中远均明知并理解，TCB, Inc.（和 TCB LLC）对客户的定价，在相当程度上取决于因及时全额、支付集装箱返回费产生的净成本。

85.　在所有相关情形下，CLA 和中远均明知并理解，对向 TCB, Inc.（和 TCB LLC）支付集装箱返回费而言，时间非常重要。如果未按时支付集装箱返回费，而 TCB, Inc.（和 2003 年年中之后的 TCB LLC）超额支付托运服务费，违背了当事人的约定和预期。

86.　在当事人存在合作关系期间，CLA 和/或中远多次要求，就未提供或已支付、未经证实或存在其他错误的服务，支付托运费，因此，托运费的金额是错误的，存在重复收费。

87.　此外，与双方的约定相悖的是，CLA 和/或中远少支付集装箱返回服务费、迟延支付或完全不予支付。

88.　在这些和其他方面，CLA 和/或中远通过操纵与 TCB, Inc.（和 TCB LLC）之间的安排，为自己牟取利益，而不惜损害 TCB, Inc.（和 TCB LLC）的利益，给 TCB, Inc.（和 TCB LLC）造成了损害，违反了诚信和公平交易义务。

因此，TCB, Inc.请求本法院支持 TCB, Inc.的请求，判决 CLA 和中远败诉，令其至少支付 464,777.50 美元，或者支付审判中证实的其他金额，加上按法律允许的最高利率计算的判决前和判决后的利息，并请法院判决法院认为公平适当的所有其他和进一步的救济。

### 诉讼理由七  欺诈性不实陈述
（针对中远物流美国公司）

除诉讼理由一到六外，TCB, Inc.对 CLA 提出本第七项诉讼理由，内容如下：

89.    TCB LLC 重申并并入第 1 到 88 段的主张，如同在此完整陈述一般。

90.    （2003 年年中以前）CLA 向 TCB, Inc.（并在 2003 年年中之后，向 TCB LLC）称，对涉及中远的集装箱的每笔交易，CLA 会让中远按时支付公平的集装箱返回费，因此，对 TCB, Inc.（和之后的 TCB LLC）而言，交易的净成本是向 CLA 支付的托运费减去向中远收取的集装箱返回费。

91.    CLA 做出该陈述，是有意让 TCB, Inc.（和 TCB LLC）信赖该陈述，以期诱导 TCB, Inc.（和 TCB LLC）使用 CLA 的铁路运输服务，并诱导其同意并支付比本来会同意或支付的托运费要高的托运费。

26

92.    2003 年年中以前，CLA 在多个场合向 TCB, Inc（并在此之后向 TCB LLC）称，其会让中远按时支付更高的集装箱返回费。

93.    CLA 做出此类陈述，是有意让 TCB, Inc.（和以后的 TCB LLC）信赖该陈述，以期诱导 TCB, Inc.（和 TCB LLC）保持与 CLA 的关系，并诱导其继续同意并向 CLA 支付超额的托运费。

94.    在所有相关情形下，对于中远的交易和约定，CLA 了解的情况和可以施加的影响力，均超过了 TCB, Inc.（和 TCB LLC）

95.    在决定是否与 CLA 开展业务、是否继续与 CLA 开展业务、以及是否支付并同意支付超额托运费时，该等陈述对 TCB, Inc.（和 TCB LLC）非常重要，而且 TCB, Inc.（和 TCB LLC）合理信赖了该陈述。

96.    与 CLA 的陈述相反的是，中远或 CLA 少支付、迟延支付并/或根本不支付 TCB, Inc.（和 2003 年年中之后的 TCB LLC）提供的集装箱返回服务的费用。

97.    如果 CLA 能够但没有让中远按时、足额支付，CLA 就虚假陈述了其目前的履行意图。

27

98.　　如果 CLA 不能让中远按时、足额支付，CLA 就虚假陈述了其目前的履行意图和履行能力，或者是，在没有考虑到陈述的真实性的情况下，就草率地做出了陈述。

99.　　该不实陈述给 TCB, Inc.造成了损害。

因此，TCB, Inc.请求本法院支持 TCB, Inc.的请求，判决 CLA 和中远败诉，令其至少支付 464,777.50 美元，或者支付审判中证实的其他金额，加上按法律允许的最高利率计算的判决前和判决后的利息，并请法院判决法院认为公平适当的所有其他和进一步的救济。


### 诉讼理由八 过失作出不实陈述
（针对中远物流美国公司）

除诉讼理由一到七外，TCB, Inc.对 CLA 提出本第八项诉讼理由，内容如下：

100.　　TCB, Inc.重申并并入第 1 到 99 段的主张，如同在此完整陈述一般。

101.　　（2003 年年中以前）C LA 向 TCB, Inc.（并 2003 年年中之前，向 TCB LLC）称，对涉及中远的集装箱的每笔交易，CLA 会让中远按时支付公平的集装箱返回费，因此，对 TCB, Inc.（和 TCB LLC）而言，交易的净成本是向 CLA 支付的托运费减去向中远收取的集装箱返回费。

102.   CLA 作出该陈述或传达该信息，是为了为其铁路运输服务业务取得 TCB, Inc.（和 TCB LLC）这一客户，并获得因此支付的托运费，从而为自己牟取财务利益。

103.   CLA 做出该陈述，或传达该信息，是为了在运输交易方面引导 TCB, Inc.（和 2003 年之后的 TCB LLC），有意让 TCB, Inc.（和 TCB LLC）信赖该陈述，目的是诱导 TCB, Inc.（和 TCB LLC）使用 CLA 的铁路运输服务，并诱导其同意并支付比本来其会同意或支付的托运费要高的托运费。

104.   2003 年之前，CLA 在多个场合向 TCB, Inc.称（并在此后向 TCB LLC 称），其会让中远按时支付更高的集装箱返回费。

105.   CLA 做出该陈述，或传达该信息，是为了在运输交易方面引导 TCB, Inc.（和 TCB LLC），有意让 TCB, Inc.（和 TCB LLC）信赖该陈述，目的是诱导 TCB, Inc（和.TCB LLC）保持与 CLA 的关系，并继续同意并向 CLA 支付超额的托运费。

106.   在所有相关情形下，对于中远的交易和约定，CLA 了解的情况和可以施加的影响力，均超过了 TCB, Inc.（和 TCB LLC）。

29

107. 在决定是否与 CLA 开展业务、是否继续与 CLA 开展业务、以及是否支付并同意支付超额托运费时，该等陈述对 TCB, Inc.（和 TCB LLC）非常重要，而且 TCB, Inc.（和 TCB LLC）合理信赖了该陈述。

108. 与 CLA 的陈述相反的是，中远或 CLA 少支付、迟延支付并/或根本不支付 TCB, Inc.（和 TCB LLC）提供的集装箱返回服务的费用。

109. 如果 CLA 能够但没有让中远按时、足额支付，CLA 就虚假陈述了其目前的履行意图，或者未能采取合理的注意和能力取得或向 TCB, Inc.（和 TCB LLC）传达该信息。

110. 如果 CLA 不能让中远按时足额、支付，CLA 就虚假陈述了其目前的履行意图和履行能力，或者未能采取合理的注意和能力取得或向 TCB, Inc.（和 TCB LLC）传达该信息。

111. 该等不实陈述给 TCB, Inc.（和 TCB LLC）造成了损害。

因此，TCB, Inc.请求本法院支持 TCB, Inc.的请求，判决 CLA 和中远败诉，令其至少支付 464,777.50 美元，或者支付审判中证实的其他金额，加上按法律允许的最高利率计

算的判决前和判决后的利息，并请法院判决法院认为公平适当的所有其他和进一步的救

济。

此致

斯廷森·莫里森·赫克律师事务所

（STINSON MORRISON HECKER LLP）

具状人：/签名/ Gretchen Garrison

 Gretchen Garrison, #3189
Andrew Scavotto, #521525
100 S. Fourth Street
St. Louis, Missouri 63102
314-259-4500
314-259-4485 (fax)
ggarrison@stinson.com
ascavotto@stinson.com

TCB 运输公司和杰罗尔德·L. 考施的代理律师

31

## 送达证明

本人兹证明，2007 年 9 月 6 日，上述文件以电子方式提交给法院的书记员，通过法院的电子存档系统系统并通过预付邮资的一类美国信件，向下列人员送达一份上述文件。

Harry B. Wilson
Alan B. Hoffman
Martha Charepoo
**胡希和艾本伯格律师事务所（** HUSCH & EPPENBERGER LLC **）**
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105

Keith Zakarin
**杜安·莫里斯律师事务所（** DUANE MORRIS LLP **）**
101 West Broadway, Suite 900
San Diego, CA 92101-8285

**原告/反诉被告中远物流美国公司的代理律师**

/**签名**/ Gretchen Garrison