IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COSCO Logistics (Americas), Inc. ) <br> ) <br>     Plaintiff/Counter Defendant ) <br> vs. ) <br> ) <br> TCB Transportation, Inc. and Jerold L. Kausch, ) <br> Jr., ) <br> ) <br>     Defendants/Counter Claimants; ) <br> and ) <br> ) <br> TCB Transportation Associates, LLC <br> ) <br>     Defendant. | Case No. 04:07-CV-01461-CEJ <br><br> Consolidated with |
| TCB Transportation, LLC ) <br> ) <br>     Plaintiff ) <br> vs. ) <br> ) <br> COSCO Logistics (Americas), Inc. and ) <br> China Ocean Shipping Company ) <br> ) <br> ) <br>     Defendants. ) | Case No. 04-07-CV-01566-CEJ |

### FIRST AMENDED COMPLAINT

Comes now the Plaintiff COSCO Logistics (Americas), Inc., formerly known as Intermodal Bridge Services, Inc., and amends its complaint to add TCB Transportation Associates, LLC[1] as a defendant, and for its causes of action states as follows:

#### General Allegations

#### The Parties/Jurisdiction/Venue

---

[1] In their counterclaim, Defendants/Counter-Claim Plaintiffs erroneously refer to TCB Transportation, LLC. However, upon information and belief, no such entity ever existed or now exists. The correct entity is TCB Transportation Associates, LLC.

SLC-3054769-1

1

EXHIBIT 1

1. Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Secaucus, New Jersey. For the purpose of diversity jurisdiction, COSCO Logistics is a citizen of the States of Delaware and New Jersey.

2. Defendant TCB Transportation, Inc. ("TCB") is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in St. Louis County, Missouri. For the purpose of diversity jurisdiction, TCB is a citizen of the State of Missouri.

3. Defendant TCB Transportation Associates, LLC ("TCB LLC") is a limited liability company organized and existing under the laws of the State of Missouri, with its principal place of business in St. Louis County, Missouri. For the purpose of diversity jurisdiction, TCB LLC is a citizen of the State of Missouri.

4. Defendant Jerold L. Kausch, Jr. ("Kausch") is an individual residing in the St. Louis County, Missouri. Kausch is the principal owner and manager of TCB and TCB LLC, as hereinafter more fully appears. For the purpose of diversity jurisdiction, Kausch is a citizen of the State of Missouri.

5. This Court has jurisdiction over this dispute and the parties pursuant to 28 U.S.C. § 1332, in that Plaintiff, on the one hand, and TCB, Kausch, and TCB LLC (collectively "Defendants"), on the other, are citizens of different states, and in that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), in that Defendants have offices in or reside in this judicial district, and are subject to the exercise of personal jurisdiction by this Court.

## Count I

7.  At all times herein relevant, Plaintiff (formerly known as Intermodal Bridge Services, Inc.) has been engaged in the business of providing domestic and international intermodal transportation services (i.e., shipment of goods in containers via truck, rail and sea) to shippers of goods throughout the United States.

8.  At all times herein relevant Defendants were engaged in business as brokers for shippers seeking intermodal transportation of goods. Defendants undertook to provide intermodal transportation services for their shipping customers via Plaintiff. Plaintiff provided intermodal transportation services as requested by Defendants, performed all of the services which Plaintiff agreed to provide and was obligated to provide, and invoiced TCB for said services on open account.

9.  On or about July 31, 2003, and unbeknownst to Plaintiff, Kausch formed TCB LLC, and sold TCB's freight business operations to TCB LLC, with Kausch owning 99% of that business. However, Plaintiff continued to do business with Kausch and continued to invoice TCB for its services.

10. Between July 2005 and April 2007, at the instance and request of TCB and/or TCB LLC, Plaintiff provided transportation services on open account, for which services Plaintiff invoiced TCB in the sum of $1,287,015.60 as reflected by Plaintiff's statement of account dated June 18, 2007. Said statement of account is attached hereto and incorporated herein by reference as Exhibit 1.

11. Notwithstanding demand for payment of the amount due and owing on open account as aforesaid, Defendants have failed and refused to pay the same or any part thereof.

12. By reason of the facts as aforesaid, Defendants are indebted to Plaintiff in the principal amount of $1,287,015.60, together with prejudgment interest in accordance with Missouri law.

13. The amounts charged by Plaintiff for its services are reasonable and the total stated is accurate

## Count II

14. The allegations of paragraphs 1 through 13 are re-alleged and incorporated herein by reference.

15. At all times herein relevant, Kausch was the principal or the sole owner of the stock of TCB, and was its President, chief executive and principal or sole operational officer, agent and servant. In those capacities, Kausch exercised sole and exclusive control over the business activities of TCB on a day to day basis.

16. At all times herein relevant, Kausch owned at least 99% of TCB LLC's stock, and was its President, chief executive and principal or sole operational officer, manager, member, agent and servant. In those capacities, Kausch exercised sole and exclusive control over the business activities of TCB LLC on a day to day basis.

17. At all times herein relevant, Kausch Holdings, L.P., an entity solely owned by Kausch, owned the other 1% of TCB LLC's stock.

18. Kausch exerted not only stock control, but complete domination of the finances, policy and business practices with respect to the transactions between TCB and/or TCB LLC and Plaintiff, such that the corporate entities had no separate mind, will or existence of their own, and were the mere instrument of Kausch in the business of locating and providing intermodal transportation services via Plaintiff; by reason

whereof, TCB and TCB LLC were effectively and as a matter of law the alter ego of Kausch in the transaction of business with Plaintiff as aforesaid.

19. Upon information and belief, Kausch used his dominion and control over TCB and TCB LLC to commit fraud and wrong, to perpetrate the violation of its legal duty to pay debts incurred by TCB and TCB LLC, and to commit dishonest and unjust acts in contravention of Plaintiff's legal rights; including, but not limited to, operating TCB and TCB LLC without adequate assets, capital and resources to pay debts incurred by these entities and justly due and owing to creditors such as Plaintiff, so as to avoid paying creditors such as Plaintiff.

20. As the direct and proximate result of Kausch's exercise of dominion and control over TCB and TCB LLC to commit the acts as aforesaid, has been injured and caused to sustain an unjust and unwarranted loss; in that, upon information and belief, TCB and TCB LLC lack the assets and resources necessary to pay the amounts due and owing to Plaintiff, which assets and resources, upon information and belief, have been channeled and transferred to Kausch and/or other entities controlled by Kausch and/or other persons privy to Kausch, with the purpose, intent and effect of allowing Kausch to choose, select and favor certain creditors to the detriment and harm of creditors such as Plaintiff.

21. By reason of the facts as aforesaid, Plaintiff is entitled to judgment against and to recovery from Kausch for all amounts due and owing to Plaintiff for transportation services provided to customers of TCB and TCB LLC and Kausch, whether incurred in form for the account of TCB INC or TCB LLC or otherwise.

SLC-3054769-1

WHEREFORE, Plaintiff COSCO Logistics prays for judgment against Defendants TCB INC, Kausch and TCB LLC, jointly and severally, in the amount of $1,287,015.60, or such other amount as the Court may find to be justly due and owing to Plaintiff by reason of the matters set forth herein; for pre-judgment and post-judgment interest at the statutory rate on all amounts found to be due and owing to Plaintiff; for award of Plaintiff's taxable costs and expenses incurred in connection with this matter; and for such other and further relief as the Court may find just and proper in the circumstances.

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

By:____/s/ Martha Charepoo_____
Harry B. Wilson, E.D. No. 4725
Alan B. Hoffman, E.D. No. 3413
Martha Charepoo, E.D. No. 500389
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505
harry.wilson@huschblackwell.com
alan.hoffman@huschblackwell.com
martha.charepoo@huschblackwell.com

DUANE MORRIS LLP

Keith Zakarin, Pro Hac Admission
101 West Broadway, Suite 900
San Diego, CA 92101-8285
Telephone: 619.744.2278
Facsimile: 619.744.2201
kzakarin@duanemorris.com

*Attorneys for COSCO Logistics (Americas), Inc.*